FRANK GAMBARDELLO *vs.* H. J. SEILER CO.

Middlesex.    October 3, 1956. — November 28, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Negligence,* Contributory, Swimming pool. *Evidence,* Evidence binding a party.

The plaintiff in an action of tort was bound by his own testimony as to his conduct in connection with the occurrence giving rise to the action, where there was no evidence more favorable to him. [52]

Evidence binding the plaintiff in an action for personal injuries against the proprietor of a swimming pool, that the plaintiff ran up to and

upon a diving board at one end of the pool and dove without looking into the pool, and that while in mid air he saw for the first time a wooden raft floating in the water, tried unsuccessfully to avoid it, and struck it and was injured, required a ruling as matter of law that he was guilty of contributory negligence. [52]

Tort. Writ in the Superior Court dated July 31, 1951.

The action was tried before *Sullivan*, J.

*Abner R. Sisson*, (*William J. Lee* with him,) for the plaintiff.

*Daniel A. Lynch*, (*David L. Whitney* with him,) for the defendant.

Spalding, J. In this action of tort the plaintiff seeks to recover for injuries sustained as a result of the alleged negligence of the defendant in the operation and maintenance of a swimming pool. The trial judge on motion of the defendant directed a verdict for the defendant and the plaintiff excepted.

A summary of the pertinent evidence is as follows: The defendant, which was in the catering business, was the owner of certain recreational facilities in Wayland, known as "Seiler's Ten Acres." In connection with its catering business the defendant prepared and served meals at Ten Acres to various groups or organizations which held outings there. The facilities included a building for the preparing and serving of food, two locker buildings or bath houses, a swimming pool, and an athletic field.

On August 5, 1950, the plaintiff's employer, Manning, Maxwell & Moore, Inc., having made appropriate arrangements with the defendant, held its annual outing for its employees at Ten Acres. Under the arrangements made with the defendant a price was agreed upon for each meal served by the defendant and those attending the outing were to have the right to use the recreational facilities, including the swimming pool. Employees attending the outing purchased tickets from an athletic association made up of "employees, including both labor and management." The plaintiff purchased such a ticket and went to the outing.

The swimming pool was eighty feet long and twenty feet

wide.  At the deep end of the pool was a diving board of
the spring type, which was about fifteen feet long and
fifteen to twenty inches in width.  The diving board ex-
tended over the water four feet.  In the rear of the board,
at a distance of about twenty-five feet, was a men's bath
house.

After participating in a baseball game, the plaintiff de-
cided to go swimming in the pool, and went into the men's
bath house to change.  When he came out of the bath
house he was preceded by one Bimmler.  At the end of the
pool where the diving board was, and to the left of the board,
were persons sitting on the edge of the pool.  To the right
of the board there were five or six persons standing in line
to get on the board.  The plaintiff saw "a person go off the
diving board before Bimmler" and after that Bimmler ran
from the bath house and dived into the pool.  After observ-
ing Bimmler coming up the ladder, the plaintiff decided to
take a so called "jack knife" dive.  He ran along the grass,
"stepped up on the board and ran out to about . . . a
foot and a half from the end of the board, took a leap and
came down on the board and sprang up in the air."  "[H]is
idea was to get in the pool before the five or six people who
were lined up waiting for their turn to dive."  Before he
dived he did not look.  While he was in the air he observed
a raft coming from "where some of the . . . people were
sitting at the edge of the pool."[1]  He tried to avoid the
raft by twisting his body, but was unsuccessful.  He struck
the raft and was injured.  The plaintiff had never seen the
raft prior to the time when he saw it while in mid air.  At
no time before making his dive did the plaintiff observe any
sign or notice that there was a floating raft in the pool.

We have no doubt that the status of the plaintiff on
the defendant's premises was that of a business invitee to
whom the defendant owed a duty to exercise reasonable
care.  *Fortier* v. *Hibernian Building Association of Boston*

[1] There was evidence that the raft, which was made of balsa wood, was
seven feet long and four feet wide and had been put in the pool by the pro-
prietor of a day camp who rented the recreational facilities from the defendant
from Monday through Friday each week during July and August.

*Highlands*, 315 Mass. 446. But it is not necessary to decide whether the evidence warranted a finding that the defendant was negligent, for we are of opinion that the plaintiff is barred by his own contributory negligence. This is not a case where the evidence of what the plaintiff did was conflicting. The evidence summarized above with respect to the plaintiff's dive into the pool came from the plaintiff and there was no evidence more favorable to him. He is, therefore, bound by it. *McFaden* v. *Nordblom*, 307 Mass. 574, 575. On this evidence we are of opinion that in running onto the diving board in the circumstances here disclosed and diving into the pool without looking the plaintiff failed to exercise due care. To hold on this evidence that a finding was warranted that the plaintiff was in the exercise of due care would render the doctrine of contributory negligence virtually meaningless. This conclusion finds support in the decisions in other jurisdictions where the question has arisen. *Des Isles* v. *Evans*, 225 Fed. (2d) 235, 236–237 (C. A. 5). *Ryan* v. *Unity, Inc.* 55 So. (2d) (Fla.) 117. *Stungis* v. *Wavecrest Realty Co.* 124 Neb. 769, 776. *Richardson* v. *Ritter*, 197 N. C. 108. See Annotation 48 A. L. R. (2d) 104, 117–118, 148–159. The case at bar is distinguishable from situations illustrated by *Waddel's Administrator* v. *Brashear*, 257 Ky. 390, cited by the plaintiff, where it was held that one diving from a diving board into a pool containing insufficient water was not contributorily negligent as matter of law. We agree, as was said in that case, that a person in such a place is not required to make a critical inspection of the facilities. See *Blanchette* v. *Union Street Railway*, 248 Mass. 407, 411–412. But that is not the situation here. Even a most cursory glance at the pool here would have revealed the danger.

The conclusion reached makes it unnecessary to discuss the plaintiff's exception to a ruling on evidence, for that evidence bore only on the issue of the defendant's negligence.

*Exceptions overruled.*