*Western District*

# WANDA S. HOLOWAY
### v.
# JOSEPH W. KALCZYNSKI

(January 14, 1957)

*Moore, J.* This is an action of tort to recover damages for physical injuries alleged to have been caused by the negligence of the defendant in the maintenance of his property. The defendant's answer set forth a general denial, a plea of contributory negligence and that the plaintiff assumed the risk.

The trial Court found the following facts:

The plaintiff's husband hired the first floor tenement of a three family house of the defendant in February of 1953. The defendant lived on the second floor. There were two entrances to the house and a common sidewalk, constructed of cement and under control of the defendant, ran along side of the house to the rear porch. When the tenement was hired, there was a small hole in the cement with cracks

running from it. The accident occurred April 7, 1954, by which time the hole had grown much larger and deeper and more irregular. The plaintiff had lived in the house practically through two winters, during which time ice had formed in the hole which caused it to become much worse. The plaintiff's husband was washing windows on the side of the house on which the walk ran. The plaintiff came out with a cloth for him to wipe the windows and wiped the lower pane of one of the windows. As she stepped back to see if the window was clean, she stepped into the hole and was caused to fall.

The report cites that there was evidence that the plaintiff stepped back two or three steps without looking where she was stepping and that the plaintiff admitted that she knew the condition of the sidewalk and that she had noticed such condition almost daily which condition had existed for some months prior to the accident.

The trial court made a specific finding that the defendant did not use due care in the maintenance of his property and made a finding for the plaintiff in the sum of $650.00.

The defendant duly filed the following requests for rulings:

1. Upon all the evidence, the plaintiff is not entitled to a verdict in her favor.

2. Upon all the evidence, it must be found that the plaintiff was contributorily negligent and cannot recover a verdict in her favor.

3. Upon all the evidence, it must be found that the plaintiff assumed the risks and as a result cannot recover a verdict in her favor.

These three requests were denied by the Court and the defendant claims to be aggrieved by their denial.

Although the requests numbered 1, 2 and 3 all speak of a "verdict" it is sound to assume that counsel and the trial court considered the use of that word in the sense of a "finding" in favor of the plaintiff and we adopt that same assumption.

These three requests raise the question as to whether or not the trial court was bound as a matter of law to find for the defendant.

The question whether the defendant was negligent was one of fact and the trial judge's finding in that respect is not subject to review. *Bartley v. Phillips,* 317 Mass. 35. However, the defendant's requests 2 and 3 raise the question as to whether the trial court in view of his findings of facts was not bound to find for the defendant.

At first blush it would seem that the facts in this case as they refer to the question of contributory negligence are very similar to those in the case of *Darcey v. Lord and Burnham Co.,* 320 Mass. 371, relied on by the defendant, in which case at page 373 the Court says "Where from the facts which are . . . indisputable . . . only one rational inference can be drawn and that an inference of contributory negligence or want of due care, then the question of due care or contributory negligence is one of law for the court and a verdict for the defendant should be directed".

Since the argument of the case now before us the Supreme Judicial Court has decided *Spencer v. Bartfield,* 334 Mass. 667, 668, under similar facts as in the present case that the conduct of the plaintiff did not as a matter of law require a finding of contributory negligence.

In the Spencer case the plaintiff knew of the defect and was walking forward. In the case before us the plaintiff knew of the defect but stepped a few steps backward. This variance in facts would not seem to call for a different application of law.

The plaintiff's knowledge of the defect was only a fact to be considered and does not as a matter of law make her conduct in stepping back without looking negligent. *Ewell v. Athol,* 325 Mass. 41; *Mello v. Peabody,* 305 Mass. 373.

The recent case of *Gambardello v. Seiler Co.,* 335

Mass. 49 is distinguishable on its facts from the present case.

There was no prejudicial error by the trial judge in denying the defendant's requests numbered 1, 2 and 3, and the report should be dismissed.

Henry P. Grady, for the plaintiff.

Philip R. Kneeland, for the defendant.