ALFHILD C. ROSSLEY & another *vs.* S. S. KRESGE COMPANY.

Worcester.  September 21, 1959. — November 4, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Store, Stairway.

Evidence warranted findings that a customer of a store descending a stairway therein which had been swept half an hour previously fell and was injured by stepping on a round stone in an accumulation of sweepings on one of the steps, and that the proprietor of the store was negligent toward the customer.

TORT. Writ in the Superior Court dated July 5, 1957.
The action was tried before *Paquet*, J.
*Seward B. Brewster*, for the defendant.
*John J. O'Connell*, for the plaintiffs.

COUNIHAN, J. This is an action of tort. In the first count of the declaration Alfhild C. Rossley, hereinafter called the plaintiff, seeks to recover damages for personal injuries sustained by her while a business invitee in the store occupied and controlled by the defendant. In the second count her husband, Harold B., seeks to recover consequential damages. The accident happened on November 22, 1955, at about 2:30 P.M. in the store numbered 474 Main Street, Worcester.

The action was submitted to a jury who found for the plaintiffs. It comes here upon the exception of the defendant to the denial of its motion for a directed verdict. There was no error.

The evidence was substantially as follows: The plaintiff who had made a purchase in this store was walking down a rear stairway leading to the basement to make another purchase. This stairway was made of marble, cement or concrete. There were twelve steps leading to a landing and other steps from the landing to the basement. The top of each step was about twelve inches wide and fifty-seven and one half inches long. There was a hand rail on each side of the stairway.

As she started down she held onto the railing on the right side. When she had gone down two or three steps, she felt an object under her right foot, like a marble or something round. As she fell she heard the noise of what appeared to be a falling stone. Her feet went from under her and she fell several steps, injuring herself. When she finally came to rest she looked back up the stairway and saw on the right side of the step from which she had fallen an accumulation of sweepings consisting of dust, dirt and small papers. In this accumulation there were an indentation where a round object had been and a skid mark from that point to the edge of the step. She also saw a stone "about an inch and a half around" a step or two below her. She saw no sweepings on any other step.

There was evidence that an employee of the defendant had swept this stairway during the evening of the day be-

fore the accident, and that an employee had again swept this stairway about a half hour before the occurrence of the accident.

The duty which the defendant owed to the plaintiff was to use reasonable care to keep in a safe condition that part of the premises to which she was invited or at least to warn her of dangers not known to her or obvious to a person of ordinary intelligence, which were either known or should have been known to the defendant in the exercise of reasonable care. *Berube* v. *Economy Grocery Stores Corp.* 315 Mass. 89, 91. See *White* v. *Mugar*, 280 Mass. 73.

We think that the jury could find that the accumulation of sweepings on the step with a stone in it constituted an appreciable danger to a customer. While there was no direct evidence as to when the stone came to be imbedded in this accumulation as evidenced by the indentation in it and the skid mark from it, we are of opinion that from the general appearance of the accumulation of sweepings the jury were warranted in drawing an inference at least, as they presumably did under suitable instructions of the judge to which no exceptions were taken, that the accumulation and the stone had been on the stairway long enough to have been discovered and removed before the accident. *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234. *Hastings* v. *Boston & Maine R.R.* 332 Mass. 42, 43. *Gallagher* v. *Stop & Shop, Inc.* 332 Mass. 560, 563.

We are satisfied also that the jury could warrantably infer that the presence of the stone in the accumulation of sweepings, in the condition in which it was, could be attributed to the negligence of the employee who had swept the stairway within a comparatively short time before the accident. See *Young* v. *Food Fair, Inc.* 337 Mass. 323.

*Exceptions overruled.*