**Walter GADOWSKI, Plaintiff, Appellant,**

v.

**UNION OIL COMPANY OF BOSTON, Defendant, Appellee.**

**No. 6181.**

United States Court of Appeals
First Circuit.

Jan. 3, 1964.

Nathan Greenberg, Boston, Mass., for appellant.

Salvatore F. Stramondo, Boston, Mass., with whom Andrew B. Goodspeed and Goodspeed & Willard, Boston, Mass., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

At about 7.00 P.M. on an evening in January 1961 the plaintiff, chief cook aboard a tanker unloading at defendant's pier at Revere, Massachusetts, having finished his duties aboard ship, went ashore on a personal errand. As he crossed the wooden dock which was six to eight feet wide, he noticed near the end a patch of ice about 10 inches wide and 15 inches long. He returned by taxi two and a half hours later, but had to descend some distance from the dock because of accumulated snow and ice. The weather was clear. The plaintiff testified that at this time the flood light which had previously illuminated the end of the dock was off and that he was in a hurry and did not notice the patch of ice he had seen previously and, stepping on the dock, slipped thereon, breaking his leg. At the trial, in reply to a special question, the jury answered that the flood light was still on, but returned a general verdict for the plaintiff. Reciting in a memorandum that the special finding meant there was no evidence of negligence, and without reaching the question of con-

tributory negligence the district court entered judgment n. o. v. for the defendant.

The first question on plaintiff's appeal is the extent of the duty owed him by the defendant. Defendant argues that the plaintiff was a mere licensee and not a business invitee, essentially on the ground that he was not going ashore on ship's business. The defendant is apparently unaware of the fact that a seaman has been held to have "business" anywhere. Aguilar v. Standard Oil Co., 1943, 318 U.S. 724, 63 S.Ct. 930, 87 L. Ed. 1107; Warren v. United States, 1951, 340 U.S. 523, 71 S.Ct. 423, 95 L.Ed. 503 (seaman injured in dance hall); Koistinen v. American Export Lines, Inc., N. Y. City Ct., 1948, 83 N.Y.S.2d 297, 194 Misc. 942 (brothel). The only way for the plaintiff to go ashore was across the dock. There was at least a jury issue as to whether he was a business invitee. Hayes v. Boston Fish Market Corp., 1946, 319 Mass. 556, 66 N.E. 2d 713; cf. Pereira v. Gloucester Community Pier Ass'n, 1945, 318 Mass. 391, 61 N.E.2d 658. The fact that the vessel paid no wharfage charges to the defendant could be regarded as an irrelevant contractual amenity.

In the light of the special verdict the plaintiff cannot claim a hidden defect, but he asserts that the mere presence of the icy spot, unsanded,[1] made the dock unsafe. At the same time, of course, he denies contributory negligence.

The existence of negligence and the absence of contributory negligence, or, more exactly, the absence of negligence and the existence of contributory negligence, are sometimes but two ends of the same stick. Either one can say that, there is no duty to warn even a business invitee of a danger that is obvious (and avoidable) and which he should have expected, and hence no negligence, O'Hanley v. Norwood, 1944, 315 Mass. 440, 53 N.E. 2d 3; Letiecq v. Denholm & McKay Co., 1951, 328 Mass. 120, 102 N.E.2d 86, or one can say that even a business invitee is "obliged to use his faculties for his own protection and to guard himself from obvious hazards," see Benjamin v. O'Connell & Lee Mfg. Co., 1956, 334 Mass. 646, 649, 138 N.E.2d 126, which a "cursory glance * * * would have revealed," see Gambardello v. H. J. Seiler Co., 1956, 335 Mass. 49, 52, 138 N.E.2d 603, and hence that there is contributory negligence as matter of law. A landowner, in other words, is not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate. The circumstances here fully warned the plaintiff of the possible presence of snow and ice, yet he paid no attention. This was not a case where a party sees a danger, but must traverse it, cf. Hayes v. Boston Fish Market Corp., supra; Correira v. Atlantic Amusement Co., 1938, 302 Mass. 81, 18 N.E.2d 435; Dewire v. Bailey, 1881, 131 Mass. 169, or at least must do so or adopt an inconvenient alternative, cf. Dipper v. Milford, 1897, 167 Mass. 555, 46 N.E. 122, but is a case where all that plaintiff had to do was to look for a danger that he should have anticipated, Letiecq v. Denholm & McKay Co., supra, and follow that portion of the path that was free therefrom. Cf. Greenfield v. Freedman, 1952, 328 Mass. 272, 103 N.E.2d 242. On his own testimony the dock was amply wide to proceed without stepping on this small icy piece.

Judgment will be entered affirming the judgment of the District Court.

1. The defendant admitted that it customarily inspected the dock, and salted or sanded it when necessary.