*Northern District*

No. 4062

**DOROTHY ELKIN AND IRVING ELKIN**

**v.**

**ROSENTHAL PAINTING CORP.**

*Present*: Brooks, P.J., Yesley, Durkin. JJ.

Case tried to *Connolly, J.* in the Third District Court of Eastern Middlesex No. 4026 1964.

*Brooks, P.J.* This is an action of tort wherein plaintiff Dorothy Elkin sues in Count 1 for personal injuries caused by falling over a

"dropcloth" (hereinafter called canvas) on the traveled portion of the sidewalk due to the negligence of defendant in arranging said canvas in lumps, wrinkles and folds; and in Count 2 for consequential damages by her husband.

The answer is general denial, contributory negligence, assumption of risk and statute of limitations.

Witnesses at the trial were plaintiff Dorothy Elkin, plaintiff's physician and the employee of defendant who spread the canvas on the sidewalk. In evidence also were photograph of the locus.

Pertinent testimony was as follows:

Plaintiff testified that on March 3, 1964 about 10 A.M. as she was walking on the sidewalk approaching the Crosby Shoe Store she observed a large light colored canvas covering most of the sidewalk, also two ladders and two painters painting the marquee in front of said store. She also noticed folds in the canvas some of which were four to five inches high. The canvas extended to a distance of about eight to ten inches from the curb and was about eight or nine feet long. She walked on the sidewalk between the edge of the canvas and the street to the further end of the canvas where it touched a lamp post. There she stepped onto the canvas not desiring to step into the street because of the traffic and the heel of her shoe caught in one of the folds of the canvas so that she fell to the ground. She could not recall whether there

were sawhorses there. After she fell she observed one of the painters come down from a ladder and pull the canvas further in from the curb.

Defendant's employee testified that he was painting the marquee with another employee and it was a nice day, not windy; that the marquee extended over the sidewalk to a distance of about two feet from the curb and that the canvas extended to about over the edge of the marquee to a point of about one or two feet from the curb; that the sidewalk was approximately nine feet wide; that as he remembered there were two sawhorses there, one at each end of the marquee. He did not see the plaintiff fall.

At the close of the trial defendant made the following Requests for Rulings:

1. The evidence does not warrant a finding that the defendant was negligent.
2. The evidence does not warrant a finding for the plaintiff, Dorothy Elkin.
3. The evidence *warrants* a finding that the plaintiff, Dorothy Elkin, was negligent and that such negligence contributed to the happening of the accident.
4. The evidence does not warrant a finding for the plaintiff, Irving Elkin.
5. The evidence *warrants* a finding that the condition over which the plaintiff, Dorothy Elkin, fell was open and obvious.
6. The declaration (Count 1) does not state a cause of action.
7. The evidence warrants a finding that an ade-

quate warning of the presence of a drop cloth was given by the defendant.

The court allowed Request No. 5 and denied the rest.

The court found the following facts:

"I find that the defendant, through its employees, placed a drop-cloth on a public sidewalk under a marquee the employees of the defendant were to paint.

I further find that the employees of the defendant, in placing the drop-cloth on the sidewalk, did so negligently in that it was not smooth in its position on the sidewalk but had folds in it that extended four inches above the sidewalk.

I further find that the plaintiff, Dorothy Elkin, while walking on the sidewalk, was caused to trip and fall by one of the folds and that at the time of her fall, she was in the exercise of due care.

I find that the plaintiff, Irving Elkin, incurred various medical expenses because of the injury sustained by his wife, Dorothy Elkin, plaintiff, under count No. 1.

The court found for plaintiffs on Count 1 for $1000 and on Count 2 for $100. Defendant claims to be aggrieved by the denial of its requests for rulings Nos. 1, 2, 3, 4 and 7.

There are technically two issues, — defendant's negligence and plaintiff's due care. These, however, are interwoven inasmuch as one test of defendant's negligence is whether or not the cause of plaintiff's accident was so obvious as to justify defendant's assumption that she could not help see-

ing it and therefore defendant could reasonably expect that she would avoid it. *Blackmer v. Toohil,* 343 Mass. 269, 271. It was of course obvious that the marquee was being painted. The painting was in fact in progress. Plaintiff saw the painters, the ladders and the canvas on the sidewalk. While she noticed the folds in the canvas she did not lift her foot high enough so that the heel of her shoe would not catch and trip her.

A canvas is laid, under these circumstances, not to keep passersby off that part of the sidewalk but to protect the sidewalk from paint drips. For instance, if plaintiff were suing for damages to her clothing from paint she might well be said to have taken a calculated risk. Likewise, if her way were barred by a sawhorse and she had to push it aside to cross the canvas she might reasonably be held to have disregarded a clear warning. The evidence here is not clear, — first as to whether sawhorses were stationed at each end of the area, second if they were there, to what extent they guarded the area or served as a warning.

The report states that "as he (defendant's employee) remembered it there were two horses there, one at each end of the marquee." Plaintiff "could not recall whether there were sawhorses." Neither defendant's requests for rulings nor the judge's finding mention sawhorses. We cannot, therefore, assume that he found that sawhorses were there. We can assume that if he found they

were there their size or position was not sufficiently adequate notice to pedestrians to "keep off". In any event it is of course the trial court's duty to pass on the credibility of witnesses and the judge may well have concluded that the plaintiff's inability to recall the horses was more significant than defendant's qualified statement that "as he remembered it they were there".

The other factor bearing on plaintiff's due care was the nature of the cause of her fall. The court found that the canvas was not smooth in its position on the sidewalk but had folds in it that extended four inches above the sidewalk. This the plaintiff saw. This was what the defendant's third request referred to. This request was as follows:

> "The evidence warrants a finding that the plaintiff, Dorothy Elkin, was negligent and that such negligence contributed to the happening of the accident."

There was in our opinion evidence of negligence on plaintiff's part and that taken by itself the denial of the above request would have been error. However, the court made a specific finding of due care which under the case of *Himmelfarb v. Novadel Agene Corp.*, 305 Mass. 446 would appear to cure any error that might otherwise have arisen from the denial of the request unless it can be said that plaintiff was negligent as a matter of law. See: *Darcy v. Lord and Burnham Co.*, 320 Mass. 371.

In *O'Neil v. W. T. Grant Co.*, 335 Mass.

235 plaintiff, in going to the ladies room, crossed a floor that was muddy, dirty and partially covered with tissue paper and cigarette butts. Coming out of the ladies room she again traversed the area and while so doing slipped and fell. A motion for a directed gent as a matter of law. Quoting from the Judicial Court ruled that plaintiff was negliverdict was denied. On appeal the Supreme Judicial Court refused to reverse the Superior Court judge hearing the case without a jury on an auditor's report. The judge had found that defendant had not given adequate warning of the hazard. The court said:

> "To hold on this evidence that a finding was warranted that the plaintiff was in the exercise of due care would be to render the doctrine of contributory negligence virtually meaningless."

The burden is on defendant to prove that plaintiff was careless in not observing the folds carefully enough to avoid tripping over one of them, also that she was careless when she arrived at the lamp post in not stepping off the sidewalk onto the street. We are not prepared to disagree with the trial judge that defendant has failed to sustain the burden of proof on either point.

This case has some resemblance to the case of *Blackmer v. Toohil,* 343 Mass. 269, where an elderly plaintiff tripped over an oil hose stretched across the sidewalk. The Supreme opinion in *Gambardello v. H. J. Seiler Co.,* 335 Mass. 49, 52, the court said:

> "We think the hose across the sidewalk was not so

obvious that the defendant's agent could rely on its being observed and avoided. . . . It cannot be ruled that he erred in finding no evidence of contributory negligence on the part of the plaintiff. We do not interpret his finding to amount to a ruling of law as contended by the defendant but as a finding of fact. The auditor refers to it as a finding and it conecrns an issuue which in view of the defendant's burden of proof can rarely be held to be other than a question of fact. There was no error in finding that the plaintiff was not guilty of contributory negligence."

There remains the further question of fact,—Was defendant negligent in failing to spread the canvas smoothly so that wrinkles and folds would be at a minimum? It was not windy. After the accident one of the painters pulled the canvas further in from the curb. This might have been either to allow for passage around the lamp post on the sidewalk or to smooth out the folds.

While a fold in a drop cloth is not as dangerous as a similar sized protuberance of brick or concrete in a sidewalk it nevertheless is a hazard particularly for ladies with spike heels. We see no reason why the painter could not have laid the cloth in such a way as to avoid this hazard or at least minimize it. Here again we are not disposed to disagree with the trial judge's finding of negligence on the part of the defendant. *Report dismissed.*

Atwood, Slavet & Piper of Boston for the Plaintiff.

Ralph D. Copeland of Brockton for the Defendant.