ELIZABETH RICHARDSON & another *vs.* STAR MARKET Co. December 3 1969. In this action of tort verdicts were returned in favor of Elizabeth Richardson (plaintiff) on the first count for personal injuries and in favor of her husband on the second count in which he sought consequential damages. The verdicts were recorded under leave reserved. Thereafter, on motion, a verdict was entered for the defendant on each count, subject to the plaintiffs' exception. The plaintiff, a business invitee, entered the defendant's supermarket with her daughter on the morning of September 12, 1963, to do some shopping. As she got inside the store she turned to her left to take a shopping cart, and fell. She did not see anything on the floor before she fell. The plaintiff's daughter observed "a white mark and . . . slid marks" on the floor about a foot away from where her mother fell. An employee of the store removed a substance from the heel of the plaintiff's shoe. This substance was variously described by witnesses as follows: "green, about an inch long and a quarter to a half inch in width, and looked like a leaf . . . of lettuce, escarole, or other salad item"; "a dark piece of meat with lines in it . . . round and thin, about a quarter inch in thickness, and about the size of a half dollar." Another witness observed something on the floor near the plaintiff that was "dark brown, probably something organic" which "appeared to be a leaf but could have been something else." The area where the plaintiff fell was within the view of various employees of the defendant. "There was no direct evidence that the defendant had knowledge of the presence of any substance on the floor prior to the accident, or as to the length of time that any substance was on the floor prior to the accident." There was no error. We assume that the evidence warranted an inference that the cause of the plaintiff's fall was the substance found on her heel, and that it came there while she was in the

defendant's store. But the evidence would not warrant an inference that it had been on the floor for a sufficient length of time to constitute negligence on the part of the defendant in failing to remove it.

*Exceptions overruled.*

*Henry A. Tempone* for the plaintiffs.
*Blair L. Perry* for the defendant.