Philip BRILLANTE, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 76–3896–C.

United States District Court,
D. Massachusetts.

May 9, 1978.

Neil Sugarman, Fink, Sugarman & Sugarman, Boston, Mass., for plaintiff.

Bruce A. Singal, Asst. U. S. Atty., Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is an action against the United States brought under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). The plaintiff alleges that he sustained serious personal injuries as a result of a fall which occurred in the parking lot adjacent to the Noncommissioned Officers (NCO) Club at the L. G. Hanscom Air Force Base in Bedford, Massachusetts. He alleges that the fall was caused by negligent maintenance of the parking lot by defendant and its agents. At the conclusion of plaintiff's evidence at the non-jury trial, defendant moved for a dismissal of the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, on the ground that on the facts and law the plaintiff had shown no right to relief.

The standard to be applied in ruling on the motion before me is to "weigh the evidence, resolve any conflicts . . . and decide . . . where the preponderance lies." 9 Wright & Miller, *Federal Practice and Procedure*, § 2371 at 225 (1971 ed.). *See, e. g., Lang v. Cone*, 542 F.2d 751 (8th Cir. 1976); *Robinson v. M/V Merc Trader*, 477 F.2d 1331 (5th Cir. 1973); *Poverman v. Walnut Hill Plaza, Inc.*, 261 F.Supp. 176 (D.R.I.1966). Accordingly, on the evidence before me, I find the following facts:

The plaintiff, Philip Brillante, is a 30-year-old welder, who, on January 17, 1976, was driven to the NCO Club by a friend, Patrick Melly. Plaintiff and Melly arrived at the NCO Club parking area between 2:30 and 3:00 P.M., while daylight conditions still prevailed. After Melly parked the car, they both entered the NCO Club to meet a friend of Melly's, U.S.A.F. R. Sgt. John Foreman.

It was stipulated at trial that on January 11 and 12, 1976, a snowstorm had occurred at Bedford which deposited approximately 7.2 inches of snow. It was further established at trial that on January 13 and 14 there was a rainfall amounting to about 2 inches at Bedford, and that from January 14, through January 17 the temperature stayed below freezing.

Pursuant to an established policy of plowing the parking areas whenever a snowstorm of 2 inches or more occurred, all parking lots at the Base were plowed on

January 12. I find that, as both plaintiff and Melly testified, the NCO Club parking lot was plowed and that the plowing left scattered patches of ice, all of which could be either stepped over or walked around by anyone walking from a parked automobile to the NCO Club.

Plaintiff and Melly remained in the NCO Club until it became dark outside. Each testified that during this time he consumed two beers. When they left the club with Sgt. Foreman, lights around the perimeter of the parking lot were illuminated and visibility was adequate for a person to see all the above-mentioned ice spots.

When the three individuals reached Melly's car, it would not start. As a result, jumper cables were connected to Foreman's car, and then used to start the engine in the Melly vehicle. Plaintiff, after the engine in Melly's vehicle started up, walked around behind the Melly car and then slipped and fell. He claims he fell on a 1 foot by 1½ foot ice patch near the left rear wheel of that car. Plaintiff conceded that he did not look down at the place where he was walking immediately before he slipped and fell, although the visibility was such that, had he done so, he would have seen the ice which he says caused his fall.

There was testimony at trial from Oscar Harris, the civilian manager of the NCO Club, to the effect that he inspected the NCO Club parking lot daily. He observed no defect or dangerous condition prior to plaintiff's accident. He also testified that, had he observed such a condition, he would have called the civil engineer's office and requested that the dangerous spot be sanded and salted. Harris defined a dangerous condition in that parking area as one consisting of an area of ice large enough that one could neither step over nor walk around it. He denied ever seeing a hole of the type shown in a photograph admitted in evidence as plaintiff's exhibit No. 3. He further testified, and I find, that he would have reported such a hole, had he observed one.

Plaintiff also called as a witness Sgt. Ronald Townsend, the individual in charge of roads and grounds at the Base since 1969.

Sgt. Townsend testified that he or his immediate assistant inspected all parking lots daily at 4:00 A.M., and that he also inspected the NCO Club parking lot daily en route to his customary lunch there. Sgt. Townsend also testified that had he seen a defect of the type claimed (which he did not), he would have reported its existence to the pavement foreman for corrective action.

Plaintiff contends that not only was his accident caused by icy conditions, but also that the allegedly dangerous spot consisted of a hole some inches deep. However, I do not find his testimony concerning the alleged hole at the place he fell credible. In so ruling, I have in mind plaintiff's failure to mention the hole in the administrative claims he filed on January 23 and 30, 1976; the photographic evidence introduced at trial, and particularly the contrary testimony of witnesses Harris and Townsend, which testimony I believe.

■ On the facts of this case, I rule that there exists no ground for finding the United States negligent. It is settled Massachusetts law that the duty owed to plaintiff was one of reasonable care under all the circumstances. *E. g., Mounsey v. Ellard*, 363 Mass. 693, 297 N.E.2d 43 (1973). More specifically, it has been stated that the obligation of one who controls business premises is to use due care to keep the premises in a reasonably safe condition, or at least to warn patrons of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know. *E. g., Oliveri v. Massachusetts Bay Transportation Authority*, 363 Mass. 165, 166–67, 292 N.E.2d 863 (1973); *Rossley v. S. S. Kresge Co.*, 339 Mass. 654, 656, 162 N.E.2d 26 (1959).

■ I rule that on the evidence adduced at trial, plaintiff has not sustained the burden of showing that defendant's duty of reasonable care has been breached. Generally, Massachusetts law imposes no duty on a landowner to warn of dangers that are open and obvious. *Letiecq v. Denholm & McKay Co.*, 328 Mass. 120, 102 N.E.2d 86 (1951); *O'Hanley v. Norwood*,

315 Mass. 440, 53 N.E.2d 3 (1944). Here, no argument can be made that a warning was necessary because plaintiff by his own testimony was aware of the existence of scattered ice patches within the Base parking area at the time the accident occurred. Moreover, plaintiff admitted that had he been looking, he would have seen the ice. He could then have walked around and avoided the small icy area, since he concedes that visibility at the time was adequate to observe the scattered ice patches. To impose liability on the United States on these facts would be to establish an unreasonable standard of perfection rather than to enforce the recognized due care standard. *Cf. Greenfield v. Freedman*, 328 Mass. 272, 275, 103 N.E.2d 242 (1951). The Court of Appeals for this Circuit, interpreting Massachusetts law in an analogous factual situation, has stated: "A landowner . . . is not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate." *Gadowski v. Union Oil Co. of Boston*, 326 F.2d 524, 525 (1st Cir. 1964).

■ Plaintiffs contend that liability should be found because defendant knew or should have known of the existence of the ice patch prior to plaintiff's fall. The basis for that contention is the testimony of both Brillante and Melly to the effect that at the time of the accident the patch of ice was "dark and dirty." The Massachusetts Supreme Judicial Court, has, however, stated that "[t]he presence of dirt, without more, is of slight, if any, probative value in determining how long ice . . . [has] been in a particular spot." *Thornton v. First National Stores, Inc.*, 340 Mass. 222, 226, 163 N.E.2d 264, 267 (1960). Here there is no direct evidence that the United States had knowledge of the defective condition. *Cf. Richardson v. Star Market Co.*, 356 Mass. 731, 253 N.E.2d 866 (1969). Thus, I rule that the evidence before me does not warrant an inference that the ice patch had been in the Base parking lot for a sufficient length of time to constitute negligence on the part of the defendant in failing to remove it.

Plaintiff's reliance on *Poirier v. Town of Plymouth*, 1978 Mass., 372 N.E.2d 212, is misplaced. Not only are the facts of that case inapposite, but also in *Poirier* the Supreme Judicial Court held that the standard of care owed by a property owner to an employee of an independent contractor is one of reasonable care without regard to status. *Id.* at 372 N.E.2d 212. That is precisely the test I have utilized here.

■ As a second and separate ground for dismissing the complaint, I rule that defendant has sustained the burden of showing by a preponderance of the evidence that plaintiff's injury was proximately caused by his own negligence and that moreover plaintiff's negligence was the sole proximate cause of the accident. Under the provisions of Mass.Gen.Laws Ann. ch. 231, § 85, as amended by St.1969, ch. 761, §§ 1 and 2, and as further amended by St.1973, ch. 1123, § 1, a plaintiff is precluded from recovering whenever his negligence is a proximate cause of the accident and exceeds 50%.

I am mindful that the above-mentioned Massachusetts statute further provides: "The burden of . . . proving negligence which serves to . . . bar recovery under this section shall be upon the person who seeks to establish such negligence, and the plaintiff shall be presumed to have been in the exercise of due care." Here the presumption plaintiff acted in due care is rebutted by Brillante's own testimony to the effect he was looking straight ahead rather than downward when walking behind Melly's car. Even a cursory glance downward on his part would have revealed the danger.

■ Therefore, I rule that plaintiff failed to exercise proper care for his own safety. Under the circumstances, he failed to act reasonably so that his own negligence was the sole proximate cause of his injury. Thus, the Massachusetts comparative negligence statute, *supra*, bars recovery. *Cf. Gambardello v. H. J. Seiler Co.*, 335 Mass. 49, 138 N.E.2d 603 (1956); *Lanstein v. Acme White Lead & Color Works*, 285 Mass. 328, 189 N.E. 44 (1934).

Accordingly, defendant's motion for dismissal should be granted.