Coven, J.
This is an action in negligence arising out of the plaintiffs fall in the parking lot of the defendants cinema complex. After trial, judgment was entered for the plaintiff in the amount of $10,000.00, and the defendant filed what it captioned as a Dist/Mun. Cts. R.AD.A, Rule 8A expedited appeal.
The record, including a transcript of trial evidence,[1] indicates that on July 1, 1998, at about 8:00 P.M., the plaintiff drove to the defendants Showcase Cinema Multiplex Theatres in Revere, Massachusetts to purchase movie tickets. The plaintiff parked in the defendants rear parking lot approximately two to three hundred feet from the building. The plaintiff started toward the building at a quick pace or jog, but slowed to a steady walk as he navigated between rows of parked cars in the lot As the plaintiff passed between two parked cars, his attention was focused on the traffic in the parking lot travel lane which he was approaching. It was at that point that the plaintiff stepped into a pothole approximately one foot in diameter and eight to twelve inches deep. The hole was filled with water from an earlier rain storm and, it could be inferred, appeared similar to numerous other puddles which dotted the parking lot
As the plaintiffs foot went into the hole, he fell, hitting his head and shoulder against one of the parked vehicles. He attempted unsuccessfully to break his fall with his hand. In consequence, the plaintiff sustained minor injuries which included abrasions on his head, elbow and knee, and a wrist sprain. The wrist in question swelled immediately and continued in that condition in the succeeding weeks. At the time of trial in October, 2000, the plaintiff still complained of residual pain in his injured wrist.
In addition to the plaintiffs physical injuries and medical bills, there was evidence that his injuries impaired his ability to participate in his customary recreational activities, which included fishing, swimming, hiking and scuba diving, for a two month period. More significantly, the plaintiffs injuries also affected *163 his ability to carry on his tree cutting and removal business. The plaintiff testified that he lost several tree-cutting contracts. Further, because he was unable to do his own tree climbing, he was required to hire an employee climber at a cost of $800.00 per week for eight weeks in order to fulfill his job commitments. It was also necessary for him to employ a driver during the same period at a cost of $300.00 per week to drive him to different job locations.
On this appeal, the defendant argues that 1) the trial court erred in its disposition of defendants requests for rulings seven and nine,[2] and 2) the court’s award of $10,000.00 in damages was arbitrary, excessive and unsupported by the credible evidence adduced at trial.
There was no error.
1. Defendant’s requests numbers 7 and 9, and the trial court’s denial of these requests, read as follows:
7. By a preponderance of the evidence, the plaintiffs injury was proximately caused by his own negligence. See Brillante v. United States of America, 449 F. Supp. 597 (U.S. Dist. 1978).
7. Denied. I find that the plaintiff was not negligent
9. Any presumption that the plaintiff acted in due care is rebutted by the plaintiffs own witness’ statement that the plaintiff was jogging through the parking lot See Brillante v. United States of America, 449 F. Supp. 597 (U.S. Dist. 1978).
9. Denied as a finding of fact
The defendants requests sought a determination of the plaintiff’s comparative or contributory negligence, which customarily present issues of fact for a trial court See generally Tryon v. Lowell, 29 Mass. App. Ct. 720, 722-723 (1991); Mirick v. Galligan, 372 Mass. 146, 150-151 (1977). It is established, however, that a party is not entitled to findings of fact upon request in a District Court nonjury trial, Huikari v. Eastman, 362 Mass. 867 (1972); The Lenco Pro, Inc. v. Guerin, 1998 Mass. App. Div. 10, 13, and that requests for findings of fact or for mixed conclusions of fact and law are properly denied. Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944); Chiappetta v. Lyons, 1999 Mass. App. Div. 276, 278. As neither requests 7 and 9, nor any other request filed by the defendant sought a ruling that the evidence warranted or required a finding in the defendants favor as a matter of law on contributory or comparative negligence, see Mass. R Civ. R, Rule 64A(b), the defendant has effectively waived any appellate consideration of the legal sufficiency of the evidence on these questions. Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 95-96.
While the trial judge could have, as noted, simply denied request number 7 on the basis that it improperly sought a finding of fact rather than a ruling of law, he elected instead to make an affirmative finding that the plaintiff was not negligent. The judge reiterated this finding in separate written findings of fact which included, inter alia, the additional determinations that the defendant failed to exercise reasonable care in maintaining the parking lot in a safe condition and that such negligence was the sole cause of the plaintiff’s injuries. Again, the defendant failed to file a Rule 64A(b) request for ruling of law or a Mass. R Civ. R, Rule 41(b) (2), motion for involuntary dismissal to preserve for *164 this appeal any issue of law as to the adequacy of the evidence to support the court’s findings. Cambridge Chamber of Commerce v. Central Sq. Ins. Agency Inc., 1999 Mass. App. Div. 27, 29.[3] At best, the defendant’s appeal is restricted to a consideration of whether the court’s findings of fact were “clearly erroneous.” Lindquist v. Garrett Auctioneers, Inc., 1999 Mass. App. Div. 107, 108. In undertaking such a consideration, an appellate court “does not weigh anew evidence in support of the appellant’s position.” Mark Moore Homes, Inc. v. Travezian, 1998 Mass. App. Div. 171, 173, citing Lundgren v. Gray, 41 Mass. App. Ct. 451, 457 (1996).
The defendant-appellant has not sustained its burden, First Penn. Mortg. Trust v. Dorchester Sav. Bank, 395 Mass. 614, 621-622 (1985), of demonstrating that the trial judge’s findings are so utterly lacking support in the record that they must be considered clearly erroneous. Reasonable inferences arising from the size, depth and location of the hole in the defendant’s theater parking lot amply support a determination that the defect had existed for a sufficient period of time for the defendant to have discovered and remedied it in the exercise of due care prior to the plaintiff’s fall, and that the defendant’s failure to do so was negligent. The record is devoid of any evidence which would have required the trial judge to find that the plaintiff’s fall was instead proximately caused by his own negligence. The evidence does not support the defendant’s assertion that the plaintiff was jogging through the parking lot, heedless of where he was running, at the time of his fall. What the defendant appears to have misunderstood throughout these proceedings is that the plaintiff was lawfully upon its business premises. He could have properly assumed that the premises were maintained in a reasonably safe condition, and that it was unnecessary to keep his eyes glued to the pavement in front of him to avoid falling into foot deep holes. Judson v. American Ry. Express Co., 242 Mass. 269, 271 (1922). In short, we are not left with a “definite and firm conviction that a mistake has been committed” in this case. Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509 (1997).
2. The defendant’s allegation of error in the trial court’s award of $10,000.00 in damages appears primarily based on the unavailing ground that the defendant did not find the plaintiff’s testimony to be credible. The trial judge is, of course, the arbiter of the weight and credibility of witness testimony. In any event, those arguments relative to damages which are set forth in the defendant’s brief to this Division were never properly raised in the trial court by means of a request for ruling of law or postjudgment motion for a new trial. Further, for purposes of appellate review, “an award of damages must stand unless to make it or permit it to stand was an abuse of discretion on the part of the court below amounting to an error of law.” Mirageas v. Massachusetts Bay Transp. Auth., 391 Mass. 815, 822 (1984). See also Gray v. Kieger, 27 Mass. App. Ct. 583, 589 (1989). An award constitutes legal error only when it is “greatly disproportionate to the injury proven or represents] a miscarriage of justice.” Labonte v. Hutchins & Wheeler, 424 Mass. 813, 824 (1997), quoting from doCanto v. Ametek, Inc., 367 Mass. 776, 787 (1975). Given the plaintiff’s evidence as to medical expenses, pain and suffering and consequential damages, the trial *165 court’s assessment of $10,000.00 did not “exceed any rational appraisal or estimate” of appropriate damages in this case. Beaupre v. Cliff Smith & Assoc., 50 Mass. App. Ct. 480, 496 n.26 (2000).
Appeal dismissed.
So ordered.

 If the defendant deemed the inclusion of a transcript to he essential to appellate review of its allegations of error, it should not have proceeded under Rule 8A “The Expedited Appeal serves as the trial court record in a Rule 8A appeal, and copies of all relevant documents must be physically attached to, or included in, the Expedited Appeal document Rule 8A does not provide for, or permit, a transcript of the evidence, a record appendix, or appendices to the parties’ briefs.” Rossi v. Oceanview Country Club, 1997 Mass. App. Div. 197, 198. The form of the defendants appeal more closely resembles an appeal on the record of proceedings pursuant to Rule 8C. The plaintiff has raised no objection to this procedural misstep, and we elect to proceed to the merits.

 The defendant’s brief incorrectly identifies the requests as numbers 5 and 7. However, request number 5 stated a general proposition of G.L.c. 231, §85 law, and was allowed by the trial judge. Only requests 7 and 9 were denied.

 The defendant suggested at oral argument that it in fact raised and preserved the issue of the sufficiency of the evidence by means of a verbal request for a “directed verdict” at the close of the evidence. No such request or motion appears in the transcript On a purely procedural note, a “directed verdict” motion is a an anomaly in a District Court nonjury trial. Espinola v. Riley’s Liquors, Inc., 1994 Mass. App. Div. 96. The proper terminology for such a motion is one for “involuntary dismissal” pursuant to Rule 41(b)(2). Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 n.3 (1984).