Curtin, J.
This is an action by plaintiffs Eugene and Marie Croteau, individually and as parents and next friends of their young sons, for salmonella poisoning resulting from contaminated food served to the Croteaus by defendant Denny’s Restaurant, Inc. (“Denny’s”). After trial, judgment was entered for the plaintiffs in the amount of $50,000.00. Denny’s filed this Dist/Mun. Cts. R A D. A, Rule 8C, appeal on the grounds that the trial judge’s findings of fact with respect to causation were clearly erroneous and the trial judge erred in admitting the testimony of the plaintiffs’ expert witness.
Plaintiffs Marie and Eugene Croteau have three children. At the time in question, Thomas was almost four years old, Jeffrey was eleven months old and Michael was twelve. On June 2 and 3,1997, the Croteau family ate some, hut not all, of their meals together. None of them suffered any symptoms of stomach distress.
On June 4, 1997, all of the Croteaus except Michael went for breakfast to the Dennis restaurant in Lawrence to celebrate Eugene’s birthday. They left for the restaurant immediately after Michael went to school, and arrived at Denny’s between 7:45 and 8:00 AM. Thomas and Eugene each had breakfasts which consisted of sausage, eggs, pancakes and toast. Marie ate steak and home fries and fed the eggs which came with her meal to Jeffrey. There was nothing obviously wrong with the taste or appearance of the food. After finishing their meal, the Cro- *82 teaus returned home at about 9:00 AM. Shortly before 10:00 AM., Thomas went to a neighbor’s house to play with a friend. At about noon, Thomas complained to his friend’s mother about a stomach problem. Thomas returned home between 1:00 and 2:00 P.M., saying he was tired and wanted a nap. He was not hungry and only drank some Kool-Aid before going to sleep. Thomas awoke at about 2:30 P.M., vomited and went back to sleep. He slept until the evening, when he awoke with severe and continuing diarrhea.
Eugene did not feel sick during the morning of June 4, 1997. Because he worked the third shift as a dispatcher at the North Andover Police Department, he relaxed at home after returning from Denny’s. In the afternoon, he felt fine and decided to get some sleep before going to work. He awoke around 6:00 PM., suffering from cramps and severe diarrhea Eugene was unable to go to work that evening, and eventually missed nearly two weeks of work.
The next day, both Eugene and Thomas continued to suffer severe diarrhea and distress, but no other family member had any similar symptoms. On Friday, June 6,1997, Thomas’ condition worsened and he was admitted to a hospital. Thomas stayed at the hospital until Monday, receiving antibiotics and intravenous treatments for dehydration. His medical bills exceeded $3,000.00. Eugene suffered from cramps and diarrhea for at least six days, lost approximately 25 pounds, was diagnosed as suffering from “irritable bowel syndrome” and did not regain his normal level of health for almost six months.
Both Thomas and Eugene were tested and shown to have been infected by salmonella (“S. Enteritis”). Marie and Jeffrey also tested positive, but neither suffered any symptoms except for some mild diarrhea experienced by Jeffrey on June 12th. The third child, Michael, the only one not to eat at Denny’s, did not test positive for salmonella infection.
There was evidence of repeated problems with the refrigeration system at Denny’s. In March, 1997, a Lawrence Health Inspector issued a number of citations for violations by Denny’s of the State Sanitary Code, including the storage of sausages in an unsanitary condition on the floor of the walk-in freezer and the absence of thermostats from some of the refrigerators. Between the end of May and June 4,1997, Denny’s records show that there were numerous problems with the refrigeration system at the restaurant despite several visits by a repair service. Less than one week after June 4th, Denny’s again had to have the refrigeration system repaired. Further, another Lawrence Health Department inspection conducted on June 12,1997 revealed that the temperature of the walk-in refrigerator where sausage and eggs were stored was over 50 degrees. Denny’s was again cited for code violations.
Although Denny’s properly prepared and stored its egg products, its handling of the sausages was not proper. Denny’s stored sausages in an unsanitary condition and did not properly refrigerate them, which increased the risk of salmonella. Moreover, Denny’s procedures for cooking sausages were not sufficient to insure that the sausages served to the Croteaus had been cooked enough to kill any bacteria that may have been present.
After hearing the testimony of both parties’ expert witnesses on the issue of causation, the trial judge found that Denny’s food caused the salmonella infection and, as noted, assessed damages in the amount of $50,000.00.
1. Denny’s initial argument is that the trial court’s finding that it was Denny’s food which caused the Croteaus’ salmonella was clearly erroneous. Denny’s has not, however, satisfied its burden of demonstrating that the judge’s findings of fact were so devoid of evidentiary support that they were clearly erroneous. Fillion v. Cardinal, 2000 Mass. App. Div. 284, 286. Where there is conflicting testimony on an issue, and the trial judge makes “one of several possible choices of what facts are supported by the evidence, the trial judge’s choice is not clearly erroneous.” *83 MacLeod v. Commonwealth Capital Funding Corp., 2000 Mass. App. Div. 239, 240, quoting from W. Oliver Tripp Co. v. American Hoeschst Corp., 34 Mass. App. Ct. 744, 751 (1993). A trial judge’s findings of fact shall stand unless the reviewing court on the entire evidence and all reasonable inferences to be drawn therefrom “is left with the definite and firm conviction that a mistake has been committed.” Yankee v. Petricca Communications Systems, Inc., 53 Mass. App. Ct. 497, 504 (2002); Cristoforo v. National Amusements, Inc., 2001 Mass. App. Div. 162, 164.
There was ample support in the record for the court’s finding that Denny’s food caused the salmonella poisoning the Croteaus suffered. First there was evidence that Denny’s refrigeration system malfunctioned on numerous occasions prior to June, 1997 due to thermostat, evaporator coil and other problems. Further, there was evidence that the Lawrence Board of Health issued several citations for Denny’s violations of the State Sanitary Code.
The Croteaus’ expert, Dr. Marie George, was of the opinion that the Denny’s breakfast caused the salmonella poisoning. She testified that the period between exposure to the bacteria and the onset of symptoms could be as short as three and one-half to four hours, and that the more typical incubation period was between five and twenty-four hours. In her opinion, the “classic symptom” of salmonella infection is diarrhea Both Eugene and Thomas Croteau experienced this symptom within the range of time identified by Dr. George as within the incubation period. The father, Eugene, experienced his symptoms about ten hours after consuming the Denny’s breakfast Four year old Thomas experienced a stomach ache earlier, but suffered the onset of diarrhea approximately six hours later.
Denny’s expert testified that the incubation period for salmonella is between six and twelve hours; and because Thomas suffered a stomach ache prior to the six hour point, he could not have contracted salmonella from Denny’s. However, the trial judge was not bound by the opinion of Denny’s expert, Ward v. Commonwealth, 407 Mass. 434, 438 (1990), and could properly determine, in his capacity of finder of fact, which expert’s opinion to accept Robinson v. Contributory Retirement Appeal Board, 20 Mass. App. Ct. 634, 639 (1985). It was not error for the court to credit the testimony of the Croteaus’ expert
2. Denny’s also clams that it was error for the trial court to deny its motion to strike the testimony of the Croteaus’ expert witness, which was taken by way of video tape deposition.
It is clear that Denny’s failed to comply with the requirements of Mass. R Civ. P, Rule 30A(m)(4), which governs the use at trial of audio-visual depositions of expert witnesses. Rule 30A(m) (4) mandates that objections as to admissibility shall be filed with the trial judge twenty-one days before the trial begins and that objections not so submitted “shall be deemed waived.” Denny’s motion to strike the Croteaus’ experf s testimony was not filed until approximately two weeks after the conclusion of trial. Therefore, Denny’s waived its objection to the admissibility of the experfs testimony by its failure to comply with the requirements of Rule 30A(m)(4).
Appeal dismissed.
So ordered.