O’Shea, J.
This action arose out of the parties’ contract for the plaintiff, Jeffrey Kendall (“Kendall”), to delead residential rental property owned by the defendant, George B. Cudd (“Cudd”). Kendall brought this action for Cudd’s alleged breach of contract to recover $3,500.00 in payment for his services. Cudd counterclaimed, alleging that Kendall breached the parties’ contract and violated G.L.c. 93A. At the jury-waived trial on December 7, 2007, Cudd was represented by counsel; Kendall, who had an attorney of record, proceeded pro se. After trial, the judge awarded damages to Kendall in the amount of $3,500.00, plus interest and costs; and to Cudd, on his counterclaim, in the amount of $500.00, plus interest.
Cudd filed a motion to alter or amend the judgment to reflect the amounts he contended were owed on the complaint and his counterclaim based on the parties’ contract. After a hearing on December 31, 2007, the motion was denied. Thereafter, on January 8,2008, Cudd filed a notice of appeal. On February 5, 2008, he filed both an “Appeal on the Record of Proceedings” designating his election to proceed under Dist./Mun. Cts. R. A. D. A., Rule 8C, and a “Statement of the Evidence.” As the unilateral Statement had not been submitted at trial, and was not permissible given the availability of an electronic recording of the trial from which a transcript could have been, and was eventually, prepared, the trial court did not accept it. Cudd continued to file numerous posttrial memoranda or statements up to, at, and even after the Appellate Division hearing of his appeal.
1. Cudd essentially argues on appeal that the evidence required a finding in his favor on the contract price agreed to by the parties, the payments he made toward that price, the adequacy of the work performed by Kendall, and the damages to which he was entitled on his counterclaim. The flaw in Cudd’s principal argument is that he failed to obtain and preserve any ruling of law by the trial court on the question of the sufficiency of the trial evidence. As this case was tried prior to the March 1, 2008 repeal of Mass. R. Civ. R, Rule 64A, Cudd, who was represented by legal counsel at trial, was required to have filed requests for rulings in compliance with Rule 64A to preserve issues of law for appellate review. Sapienza-Cote v. Carabetta Mgt. Co., 2009 Mass. App. Div. 42, 43, citing Ebner v. McMahon, 2008 Mass. App. Div. 253, 254, and Keystone Montessori Sch., Inc. v. Maloney, 2008 Mass. App. Div. 175, 177. Cudd did not do so. Having failed to file proper requests for rulings of law, Cudd effectively waived any appellate consideration of the legal sufficiency of the evidence *21 to have permitted or required a finding in his favor, or to have supported the trial judge’s findings. Worcester County Nat'l Bank v. Brogna, 386 Mass. 1002 1002-1003 (1982); Camerota v. Coll, Sacchetti & Karpells, Inc., 2005 Mass. App. Div. 112, 113.
As the trial judge elected to make findings and rulings in this case, the single issue open to Cudd on this appeal is whether the court’s findings of fact were “clearly erroneous.” Cardoza v. Cardoza, 2006 Mass. App. Div. 137, 138. The relevant inquiry is whether the trial court’s findings “cannot be substantiated ‘on any reasonable view of the evidence, including all rational inferences of which it was susceptible.’” Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 173, quoting T.L. Edwards, Inc. v. Fields, 371 Mass. 895, 896 (1976). In so reviewing the court’s findings, we neither “weigh” the evidence do novo, Lundgren v. Gray, 41 Mass. App. Ct. 451, 457 (1996), nor substitute our judgment for the trial court’s assessment of the credibility of the witnesses. Ultimately, findings of fact will not be set aside as clearly erroneous unless the appellate court is left with the “definite and firm conviction that a mistake has been committed.” Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 637 (2010), quoting Kendall v. Selvaggio, 413 Mass. 619, 620-621 (1992).
Upon review, we conclude that Cudd has idled to satisfy his burden, Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509 (1997), of establishing error in the trid court’s findings. While Cudd doggedly insists that the trid court erred in not basing its decisions on both the complaint and counterclaim exclusively on the parties’ “fixed price” contract, the record clearly demonstrates that conflicting testimo-nid evidence was introduced by the parties on every dispositive issue in this case. Even assuming arguendo that there was some agreement between the parties by the end of trid as to which of the dternative contract prices governed the work in question, the parties disagreed on the nature and scope of the work required by the contract, the work actudly performed, the amount(s) of any payments made by Cudd, additiond work agreed to by the parties, and the amount to which Kendall was entitled for that work. Determining the credibility of the evidence on each of those issues was a matter exclusively for the trid judge. Spillane v. Adams, 76 Mass. App. Ct. 378, 381 (2010); Cristoforo v. National Amusements, Inc., 2001 Mass. App. Div. 162, 164. And “[wjhere there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.” Demoulas, supra at 510, quoting Anderson v. Bessemer, 470 U.S. 564, 574 (1985).
There being no error, the trid court’s judgments on the complaint and counter-cldm are affirmed.
2. Kenddl has moved pursuant to Dist./Mun. Cts. R. A. D. A., Rules 25[1] and 26 for an award of sanctions, including double costs, interest, and attorney’s fees, against Cudd for pursuing a frivolous apped. An apped is frivolous “[wjhen the law is well settled, when there can be no reasonable expectation of a reversd.” Avery v. Steele, *22 414 Mass. 450, 455 (1993), quoting Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984). It is true that Cudd, who was represented by legal counsel at trial, was aware of the conflicting evidence upon which the trial courts judgment was based. He failed to raise, or preserve for appeal, any issues of law. The single “fixed price contract” argument he advances on this appeal had already been rejected both at trial and by the denial of his motion to alter or amend judgment. Further, in addition to the lack of any merit in his arguments, Cudd burdened Kendall and this Division with numerous filings that were rambling, disorganized, and incoherent, and that improperly included evidence or issues never presented to the trial court. See Romala Corp. v. United States, 927 F.2d 1219, 1224 (Fed. Cir. 1991).[2] Cudd’s pro se status would not alone exempt him from the sanctions sought by Kendall. See International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983).
The decision to impose sanctions for a frivolous appeal, or one prosecuted and conducted in bad faith, rests solely within the discretion of this Division under Rule 25. Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 328, 329-330 (1997). Although we find Cudd’s conduct troubling at the least, we decline to exercise our discretion to impose the sanctions Kendall seeks. Kendall is entitled, pursuant to Dist./Mun. Cts. R. A. D. A., Rule 26, to single costs on this appeal, exclusive of attorney’s fees and interest on those costs.
Judgment affirmed.
So ordered.

 Rule 25 of the Dist./Mun. Cts. R. A. D. A provides: “If the Appellate Division shall determine that an apped is frivolous, or that either party has acted in bad faith in proceeding under these rules, it may award to the aggrieved party just damages and single or double costs, and such interest on the amount of the judgment as may be dlowed by law.”

 In commenting on a similar appeal, the Court stated that “[b]y forcing the court to expend extra time and effort in carefully double-checking every reference to the record and opposing counsel’s briefs, lest we be misled, such argumentation threatens the integrity of the judicial process and increases the waste of resources.” Id.