JAMES SOMERVILLE *vs*. NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Middlesex.　May 16, 1933. — March 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Railroad, Contributory. *Practice, Civil*, Report, Stipulation for report, Verdict, Motion to change amount of damages assessed.

At the trial of an action for personal injuries against a railroad corporation, there was evidence that the plaintiff went to a station of the defendant and waited there until the train which he intended to take, and which he had been accustomed to take for a considerable period, arrived on the farther of double tracks and stopped; that he then looked and saw a train approaching some distance away on the nearer tracks; that on numerous previous occasions he had observed that the second train stopped outside the station or came on very slowly until the first train had moved away; that a rule of the defendant, of

which the plaintiff knew, forbade the second train to enter or pass the station while the first train was at the station, until the rear end of the first train had passed the end of the station platform; that the road-bed of the nearer tracks was the loading area for trains on the farther tracks; and that, while the plaintiff was crossing the nearer tracks to enter the first train, the second train, which had not stopped, came on at speed and struck him. *Held*, that findings were warranted that the defendant was negligent and that the plaintiff was not guilty of contributory negligence.

Where the judge presiding at the trial of an action for personal injuries submitted to the jury only the question of damages and, after the jury had assessed damages, ordered a verdict for the defendant and reported the action with the stipulation, in which the defendant joined, that, if there was evidence upon which the action should have been submitted to the jury, judgment should be entered for the plaintiff for the amount assessed by the jury with interest, otherwise judgment should be entered on the verdict, it was proper to deny a motion thereafter filed by the defendant in which he alleged that the amount of damages assessed was excessive and sought to have it reduced to a certain sum: the defendant was bound by the terms of the stipulation to which he had agreed and which had been acted upon by the ordering of the verdict in his favor; furthermore, while a trial judge in proper circumstances has power or motion to set aside a verdict unless the prevailing party remits so much as the judge finds to be excessive, he has no power to reduce the amount assessed · by the jury to a fixed sum.

TORT. Writ dated January 10, 1930.

The action was tried in the Superior Court before *Beaudreau*, J. Material evidence is stated in the opinion. After the assessment of damages in the sum of $14,250, the judge ordered a verdict for the defendant and reported the action for determination by this court. A subsequent motion by the defendant with respect to the amount of the damages is described in the opinion. The defendant alleged an exception to its denial.

The case was argued at the bar in May, 1933, before *Pierce, Wait, Field,* & *Lummus,* JJ., and afterwards was submitted on briefs to all the Justices.

*H. R. Donaghue,* for the plaintiff.

*E. J. Phillips,* (*H. Lawlor* with him,) for the defendant.

WAIT, J. There are here both a report and a bill of exceptions. The trial judge directed a verdict for the defendant and reported the case with a stipulation that "If there was evidence upon which the case should have been

submitted to the jury, judgment is to be entered for the plaintiff for $14,250 with interest from the date of the jury award. Otherwise judgment is to be entered on the verdict." At the trial, the parties could not agree on the amount of damages, and, without objection, the case was submitted to the jury for assessment of damages only. The jury assessed them in $14,250, and, by direction, found for the defendant. The report was filed on April 5, 1933. Later the defendant filed a motion as follows: "The defendant now says that the amount as found by the jury is clearly excessive upon all the evidence and moves that it should be reduced to an amount not in excess of $8,000." The judge denied this motion, putting his denial on the ground that, having directed a verdict, he believed himself without authority to reduce the award, and adding that if he had had such right he would have reduced it to $11,000. The defendant excepted and its bill has been allowed. Bill and report differ in the statement of the stipulation. The bill of exceptions puts it that if the order directing verdict was correct judgment for the defendant is to enter, "but if there was any evidence upon which the case should have been submitted to the jury, a verdict for the plaintiff should be entered for $14,250 with interest from the date of the jury award."

The plaintiff was severely hurt as he was about to take a train of the defendant at its Norfolk Downs station. The tracks run north and south. The station building is to the west. The loading platform for inbound, northbound, trains is the road bed on which the outbound, southbound, track is laid between the eastern track and the station platform. A rule forbids trains to enter or pass a station while another passenger train is at the station, until the rear end of the latter train has passed the end of the station platform, with an exception not material here. The plaintiff knew of this rule. For two years he had been taking the 4:38 P.M. inbound train from Norfolk Downs to the South Station at Boston. He went to the Norfolk Downs station on the afternoon of the injury to take that train. The jury could find on the evidence that he waited

on the station platform west of the tracks until the north-bound train drew in on the eastern track and stopped; that then he looked to the north before crossing the western tracks and saw a train eleven or twelve hundred feet away approaching from the north on the western rails, a train which repeated experience had taught him stopped outside the station or came on very slowly till the northbound train moved away — a train which the engineer of the northbound train had seen and had expected would stop. The plaintiff crossed the tracks in the space of the north-bound loading platform, turned and was moving between the tracks south to enter a car, when he was struck by the southbound train. That train had not stopped. It had come on at speed. There was testimony to the contrary, that the engineer of the northbound train after slowing for his stop had observed that the southbound train whistled that it was coming through without stopping, and accordingly kept his train moving slowly and passed considerably to the north of his usual berth at the platform before coming to a full stop. He testified that he had expected the southbound train to stop until his train was out of the station; that it was its duty to stop; "that he thought it was going to stop until it opened the whistle about half way between the overhead bridge and the platform of the station." The overhead bridge was nine hundred and eight feet north of the station. His train did not stop till after the southbound train had passed him. Several witnesses testified to the practice of the southbound train to stop to the north of the station; and one, a ticket collector on the inbound train, in cross-examination, said he had seen the outbound train "lots of times come up and stop waiting for the inbound train to go out; that he had never before seen it come into the station until the inbound train left the station."

On conflicting evidence or evidence of disputable credibility it was for the jury to determine the facts, and to decide whether there was negligence in handling the trains, or lack of due care of the plaintiff contributing to his injury. Findings of both such negligence and due care could prop-

erly be made.   The plaintiff could be thought to be justified in relying upon his observation in the past, so that it was not carelessness to cross in front of the approaching train.   It was not for the judge to decide that the inbound train had not stopped before the plaintiff started to cross, so that no invitation to enter the inbound loading platform had been given.

There was error in directing a verdict for the defendant. Upon the report and its stipulation the plaintiff is entitled to judgment for $14,250.

The exceptions must be overruled.   After knowledge of the amount of damages assessed by the jury the defendant joined in the stipulation that judgment was to enter for the plaintiff in $14,250 with interest from the date of the verdict, if there was evidence upon which the case should have been submitted to the jury.   Having entered into this agreement, the defendant was bound by it, after it had been acted upon by the direction of a verdict for the defendant and the entry of that verdict.   No such motion as it made is known to our law.   A judge has no power to reduce a verdict to a fixed amount.   *Shanahan* v. *Boston & Northern Street Railway*, 193 Mass. 412.   *Minot* v. *Boston*, 201 Mass. 10, 12, 13.   In proper circumstances, on motion, he may set aside a verdict unless the winning party remits so much as he finds to be excessive; or on certain grounds may grant a new trial.   *Simmons* v. *Fish*, 210 Mass. 563, and cases there cited.   G. L. (Ter. Ed.) c. 231, §§ 127, 129.

*Exceptions overruled.*
*Judgment for plaintiff in accordance*
*with stipulation of parties.*