ABRAHAM MOROCHNICK *vs.* ANDREW P. QUIGLEY. March 29, 1984. *Unlawful Interference. Damages,* Unlawful interference.

The defendant cross appeals from a judgment entered against him on the plaintiff's claim of intentional interference with an advantageous business relationship. (The plaintiff's appeal was dismissed for failure to file a brief in a timely manner.)

The trial judge found that the defendant had telephoned the plaintiff's supervisor on several occasions to complain about the plaintiff's work habits in an attempt to have the plaintiff fired. These efforts were unsuccessful. The trial judge concluded that the elements of the tort of intentional interference with an advantageous business relationship were satisfied but that actual damages had not been shown. The judge awarded damages of $3,000, which he termed "nominal damages."

The judgment must be reversed. In this Commonwealth actual damage is a necessary element of a claim of intentional interference with an advantageous

business relationship. See *Walker* v. *Cronin,* 107 Mass. 555, 562 (1871); *Sharratt* v. *Housing Innovations, Inc.,* 365 Mass. 141, 148 (1974); *Chemawa Country Golf, Inc.* v. *Wnuk,* 9 Mass. App. Ct. 506, 509 (1980). This is in accord with the general rule. Annot., 9 A.L.R. 2d 228, 257-258 (1950). The statement in Nolan, Tort Law § 72(5) 87 (1979), on which the judge relied, must be read in light of the case there cited *(H.D. Watts Co.* v. *American Bond & Mortgage Co.,* 267 Mass. 541, 553-554 [1929]) to mean only that, where there is actual damage but the pecuniary value thereof cannot be measured with sufficient certainty, nominal damages are recoverable and the cause of action is not defeated.

The judgment is reversed and a new judgment is to be entered dismissing the action.

*So ordered.*

*Kevin P. Curry (Margaret Roagan* with him) for the defendant.