ABRAHAM MOROCHNICK *vs.* ANDREW P. QUIGLEY.

Suffolk.  February 8, 1985. — April 24, 1985.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Costs.

Where the Appeals Court had reversed a judgment for the plaintiff in a civil
action making no award of the costs of appeal, a Superior Court judge
had no discretion to deny the defendant's motion for appellate costs;
however, this court, treating the appeal from the denial of the defendant's
motion for costs as a petition for rehearing on the award of costs, refused
to award appellate costs to the defendant based on equitable considerations. [652-653]

CIVIL ACTION commenced in the Superior Court Department
on April 12, 1979.

Following the decision of the Appeals Court reported in 17
Mass. Ct. 1035 (1984), a motion for costs was heard in
the Superior Court Department by *John Paul Sullivan,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Kevin P. Curry (Kathleen M. Curry* with him) for the defendant.

*Cornelius J. Sullivan* for the plaintiff.

LYNCH, J. This case reaches us on appeal from denial by a
Superior Court judge of the defendant's motion to recover costs
incurred in an earlier appeal. In *Morochnick* v. *Quigley,* 17
Mass. App. Ct. 1035 (1984), the Appeals Court reversed a
Superior Court judgment for the plaintiff, and ordered that the
action be dismissed. The defendant then filed a motion in the
Superior Court to recover the costs of printing and filing his
appellate brief and record appendix, together with a verified
bill of costs. The judge denied the defendant's motion and a
subsequent motion for reconsideration. The defendant's appeal

was transferred to this court on our own motion, and is treated as a petition for rehearing on the question of appellate costs. The defendant argues that, under Mass. R. A. P. 26 (a), 365 Mass. 873 (1974), as amended, 378 Mass. 925 (1979), the judge lacked discretion to deny appellate costs to the defendant in the absence of an appellate court order to that effect. We affirm the judge's denial of the defendant's motion for costs.

The plaintiff filed suit in the Superior Court against the defendant for intentional interference with an advantageous business relationship. *Morochnick* v. *Quigley, supra.* The judge found that the elements of the tort had been proven, but that actual damages had not been shown because the defendant had been unsuccessful in his attempt to have the plaintiff fired.[1] The judge awarded "nominal damages" of $3,000. The plaintiff filed notice of appeal, but the appeal was dismissed for failure to file a brief in a timely manner. *Id.* On the defendant's cross appeal, the Appeals Court reversed because it found that "actual damage is a necessary element of a claim of intentional interference with an advantageous business relationship." *Id.* at 1035-1036. The Appeals Court's order dismissing the action made no award of the costs of appeal.

Rule 26 (a) of the Massachusetts Rules of Appellate Procedure provides in relevant part: "[I]f a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered . . . ." The Superior Court judge ruled that the rescript of the Appeals Court is most clearly governed by the last clause of rule 26 (a), because the judgment was reversed only on the basis that the plaintiff failed to show actual damages; the plaintiff had established all other elements of the claim. The motion judge denied the defendant's motion for appellate costs on the basis that "to the extent that Rule 26 (a) provides this court with discretion, the motion would . . . be denied."

We conclude that the clause of rule 26 (a) quoted first above governs because the judgment was reversed and the Appeals Court did not mention costs. Therefore, under the rule, "costs shall be taxed against the [plaintiff, Morochnick,] unless other-

---

[1] The plaintiff was then employed by the Commonwealth.

wise ordered." Since the Appeals Court clearly did not "otherwise order," the Superior Court lacked discretion to deny the defendant's motion for appellate costs.

This court, however, can treat this appeal from the denial of the defendant's motion for costs as a petition for rehearing under Mass. R. A. P. 27 (a), 365 Mass. 874 (1974), on the question of the propriety of an award of appellate costs. See *Fairmont Creamery Co.* v. *Minnesota,* 275 U.S. 70, 72-73 (1927) (petition for rehearing rather than motion is appropriate means to challenge assessment of costs in final judgment of United States Supreme Court). Cf. *St. Louis & S.F. R.R.* v. *Spiller,* 275 U.S. 156, 157-158 (1927) (motion is proper means to seek review of clerical error in taxation of costs).

The Appeals Court had discretion under rule 26 (a) to refuse to order costs against the losing party on appeal, even when it reversed the lower court judgment. Although the Appeals Court reversed the judgment, it did so only on the basis that damages had not been proven; it left undisturbed the judge's finding that the defendant had, in fact, intentionally attempted to interfere with the plaintiff's advantageous business relationship, his continued employment with the Commonwealth. We conclude, based upon the particular facts of this case, that it is appropriate to refuse to award appellate costs to either party. Equitable considerations warrant affirming the Superior Court judge's denial of the defendant's motion for appellate costs.

*Order denying motion for costs affirmed.*