## MASTERPIECE KITCHEN & BATH, INC. *vs.* PETER GORDON & another.[1]

Suffolk. March 3, 1997. - June 27, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, & MARSHALL, JJ.

*Practice, Civil,* Attorney's fees, Interest, Costs, Appeal, Frivolous action. *Rules of Civil Procedure.*

A plaintiff's appeal under G. L. c. 121, § 6G, from a decision of the Appeals Court denying its request for attorney's fees pursuant to G. L. c. 231, § 6F, was timely. [327-328]

Where it did not appear that the Appeals Court exercised its discretion as mandated by G. L. c. 231, § 6F, to determine whether a plaintiff was entitled to attorney's fees for the defendant's allegedly frivolous appeals of a District Court judgment based on an arbitration award, the matter was remanded for further proceedings in the Appeals Court. [328-331]

CIVIL ACTION commenced in the Newton Division of the District Court Department on May 20, 1993.

After review by the Appeals Court, and denial by the Supreme Judicial Court of leave to obtain further appellate review, a motion for an award of certain attorney's fees, interest, and costs on appeal was denied by a panel in the Appeals Court; a notice of appeal was then filed pursuant to G. L. c. 231, § 6G.

*Robert P. Ford* for the plaintiff.

*Stanley M. Poster* for the defendants.

LYNCH, J. This appeal arises from the plaintiff's attempt to recover attorney's fees, interests, and costs incurred while contesting the defendants' appeal from a judgment for the plaintiff entered in the District Court. The judgment was based on an arbitration award for the plaintiff.

*Facts.* In 1992, the parties executed a written contract providing for the construction of a $126,000 addition to the defendants' home. The contract provided that all claims and

---

[1] Wendy Gordon.

disputes "shall be decided by arbitration . . . unless the parties mutually agree otherwise."

After referral the arbitrator found for the plaintiff and mailed his decision on November 19, 1993. In accordance with G. L. c. 142A, § 4 (*e*), the decision stated that an appeal must be filed within twenty-one days of the mailing date of the decision.[2] The defendants' appeal, in the form of a counterclaim to a complaint filed by the plaintiff but not yet served on the defendants, was not received by the trial court until December 13, 1993, twenty-four days after the mailing date of the arbitration decision.[3]

On the plaintiff's motion, a District Court judge entered judgment on the arbitrator's decision and dismissed the defendants' counterclaim, ruling that, because the defendants had voluntarily submitted to binding arbitration and later failed to comply with the time requirements for requesting an appeal, the arbitrator's decision was final. The decision was affirmed by both the Appellate Division of the District Court and the Appeals Court, 40 Mass. App. Ct. 1109 (1996); the defendants' application for further appellate review was denied. 422 Mass. 1108 (1996).

In its brief to the Appeals Court the plaintiff requested that attorney's fees and costs be assessed against the defendants. Following the defendants' unsuccessful appeals, the plaintiff moved for attorney's fees, interests, and costs pursuant to G. L. c. 211A, § 15[4]; G. L. c. 231, § 6F; and Mass. R. A. P.

---

[2] General Laws c. 142A, § 4 (*e*) states: "A contractor, subcontractor or homeowner may . . . appeal the decision of an arbitrator for a trial de novo in superior court or district court. Such appeal must be filed within twenty-one days from the issuance of such findings and shall stay any work or payment to the owner, contractor or subcontractor."

[3] The plaintiff, however, argues that the counterclaim containing the appeal was not even mailed to the plaintiff by December 10, 1993. In support of its argument, the plaintiff points out that the envelope received by the plaintiff's counsel is postmarked December 13, 1993. The defendants argue that the counterclaim was mailed on December 10, 1993, to the plaintiff's counsel and a copy of the counterclaim was hand delivered to the court on December 13, 1993.

[4] General Laws c. 211A, § 15, provides: "If, upon the hearing of an appeal or exceptions in any proceeding, it appears that the appeal or exceptions are frivolous, immaterial or intended for delay, the appeals court may, either upon motion of a party or on its own motion, award against the appellant or excepting party double costs from the time when the appeal was

25, as amended, 378 Mass. 925 (1979).[5, 6] The plaintiff also argued that the contract provided for the payment of attorney's fees incurred in collecting on the contract.[7] The Appeals Court denied the motion "as a matter of discretion"; the Appeals Court also denied the plaintiff's subsequent motion for clarification of that decision stating in part: "General Laws c. 231, § 6F does not apply to a judgment of the Appeals Court and the appellee's motion was not an appeal under [§] 6G to the single justice."[8]

*Timeliness of plaintiff's G. L. c. 231, § 6G, appeal.* The plaintiff received notice of the decision of the Appeals Court denying its request for attorney's fees on July 31, 1996. The plaintiff appealed on August 12, 1996. General Laws c. 231, § 6G, provides that an appeal must be taken within ten days after receiving notice of the decision.[9] The defendants argue, therefore, that the plaintiff's appeal under G. L. c. 231, § 6G, is untimely. We disagree.

---

taken or the exceptions were allowed, and also interest from the same time at the rate of twelve per cent a year on any amount which has been found due for debt and damages, or which he has been ordered to pay, or for which judgment has been recovered against him, or may award any part of such additional costs and interest."

[5]Rule 25 of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 925 (1979), provides: "If the appellate court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee, and such interest on the amount of the judgment as may be allowed by law."

[6]At oral argument it was made clear that the plaintiff seeks only reimbursement for the attorney's fees incurred while defending against the defendants' appeal. No attorney's fees are sought for the time spent preparing for and going through the arbitration proceeding.

[7]The contract provided in pertinent part: "In the event that Owner wrongfully fails to make payment for work not in dispute in accordance with the terms of this Agreement, then Contractor shall be entitled to collect reasonable attorney's fees and other costs of collection incurred in collecting such payments."

[8]The Appeals Court order also stated: "The award of legal fees under Mass. R. [A.] P. 25, and costs under G. L. c. 211A, § 15, are matters of discretion and a denial of legal fees and costs requires no explanation. Any rights under the contract were matters for the arbitrator."

[9]General Laws c. 231, § 6G, provides in pertinent part: "Any party may file a notice of appeal with the clerk or register of the court hearing the motion within ten days after receiving notice of the decision thereon. The clerk or register shall then forward the motion, the court's findings and award, and any other documents relevant to the appeal to the clerk of the court deciding the appeal who, upon receipt thereof, shall refer the matter

Rule 6 (a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 747 (1974), provides in pertinent part: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute or rule . . . [t]he last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." In the instant case, the tenth day after the plaintiff received the decision of the Appeals Court was Saturday, August 10, 1996. The plaintiff, therefore, had until Monday, August 12, 1996, to file a timely appeal. See *Davenport* v. *Broadhurst*, 10 Mass. App. Ct. 182, 185 (1980). Accordingly, the appeal under G. L. c. 231, § 6G, is properly before us.

*The G. L. c. 231, § 6G, appeal.* General Laws c. 231, § 6F, provides for the assessment of reasonable costs, including attorney's fees, incurred in litigation against a party who has advanced defenses which are wholly insubstantial, frivolous, or not made in good faith.[10] See *Waldman* v. *American Honda Motor Co.*, 413 Mass. 320, 323 (1992); *Brookline* v. *Goldstein*, 388 Mass. 443, 448 (1983). This statute ameliorates the consequences of the "American rule," which ordinarily denies a prevailing party the recovery of legal fees incurred in litigation. *Brookline* v. *Goldstein, supra.* See *Waldman* v. *American Honda Motor Co., supra*; *Commissioner of Ins.* v. *Massachusetts Acc. Co.*, 318 Mass. 238, 241 (1945). Moreover, the punitive effect of § 6F serves to discourage insubstantial and

---

to the court for speedy decision and shall notify the parties of such decision, which shall be final."

[10]General Laws c. 231, § 6F, provides: "Upon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge or justice or by a jury, auditor, master or other finder of fact, the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs, or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith. The court shall include in such finding the specific facts and reasons on which the finding is based.

"If such a finding is made with respect to a party's claims, the court shall award to each party against whom such claims were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against such claims."

frivolous actions. See *Waldman* v. *American Honda Motor Co.*, *supra* at 324 n.10; *Brookline* v. *Goldstein, supra.*

Cases decided under § 6F have treated the statute's purpose sympathetically in order that its policies may be effectuated. *Brookline* v. *Goldstein, supra.* This court has applied § 6F in awarding appellate attorney's fees incurred in defending against frivolous appeals. *Hahn* v. *Planning Bd. of Stoughton*, 403 Mass. 332, 334, 338-339 (1988), *S.C.*, 406 Mass. 1001, 1002 (1989). See *Ashford* v. *Massachusetts Bay Transp. Auth.*, 421 Mass. 563, 568-569 (1995) (reminding litigants that improper appeals may result in sanctions under G. L. c. 231, § 6F); *Pollack* v. *Kelly*, 372 Mass. 469, 477 & n.5 (1977) (reminding litigants that G. L. c. 231, §§ 6E-6G, provide a basis for sanctions for "continued use of . . . delaying tactics in the face of settled law against the presentation of interlocutory appeals"). Furthermore §§ 6E-6G specifically include the Appeals Court within the ambit of the statute. See G. L. c. 231, §§ 6E-6G. Thus, the cryptic conclusion of the Appeals Court that "General Laws c. 231, 6F, does not apply to a judgment of the Appeals Court" was erroneous. See, e.g., *Worcester* v. *O'Keefe*, 36 Mass. App. Ct. 1109, 1109 (1994) ("The defendant's motion for attorney's fees incurred in his appeal to this court is allowed, the amount to be determined upon application to a single justice of the court. G. L. c. 231, §§ 6F, 6G"); *Matter of a Grand Jury Subpoena*, 30 Mass. App. Ct. 462, 466 (1991) ("we conclude that [a party's] appeal is not so wholly insubstantial as to warrant the imposition of sanctions under G. L. c. 231, § 6F"); *Strand* v. *Hubbard*, 27 Mass. App. Ct. 684, 688 (1989) ("[t]he appellate court may, of course, make a determination that the appeal meets the criteria of [G. L. c. 231, § 6F] and order counsel fees to be determined in the trial court"); *Cohen* v. *Hurley*, 20 Mass. App. Ct. 439, 441 & n.2 (1985) (where appeal to single justice was frivolous, single justice had power to award party opposing appeal costs and fees pursuant to Mass. R. A. P. 25, and G. L. c. 231, § 6F).

The Appeals Court has already rejected the plaintiff's motion under G. L. c. 211A, § 15, and Mass. R. A. P. 25, as a matter of discretion and no appeal from that decision is

properly before us.[11] We point out, however, that there is a significant difference between G. L. c. 231, § 6F, on the one hand, and G. L. c. 211A, § 15, and Mass. R. A. P. 25 on the other. The former statute grants a court discretion to determine whether the appeal is wholly insubstantial, frivolous, or not advanced in good faith. If that discretionary finding is made, however, the statute mandates the award of reasonable counsel fees and other costs and expenses. Rule 25 and c. 211A, § 15, on the other hand, grant a court discretion in the award of fees and costs even if it determines that the appeal was frivolous. Because the Appeals Court's decision was based on the assumption that G. L. c. 231, § 6F, did not apply, we cannot assume that it exercised its discretion as mandated by that statute. That is especially so when it does not appear on the record before us that there was a substantial basis for appealing from the judgment of the District Court and even less for applying for further appellate review.[12]

*The contract appeal.* In claiming its appeal under G. L. c. 231, § 6G, the plaintiff attempted to include an appeal

---

[11]The plaintiff attempted to appeal from the denial of its motion for attorney's fees under Mass. R. A. P. 25 and G. L. c. 211A, § 15, by filing a notice of appeal. A notice of appeal, however, is proper only when an appeal is permitted by law. Mass. R. A. P. 3 (a), as amended, 378 Mass. 927 (1979). General Laws c. 231, § 6G, authorizes appeals to this court from decisions rendered under G. L. c. 231, § 6F. Thus, an appeal from the denial of the plaintiff's motion under Mass. R. A. P. 25 and G. L. c. 211A, § 15, is not permitted under § 6G.

A party aggrieved by the award of costs by the Appeals Court under G. L. c. 211A, § 15, and Mass. R. A. P. 25 may seek review in this court by applying for further appellate review. *Avery* v. *Steele*, 414 Mass. 450, 451 (1993). An appeal from the denial of such a motion should follow the same course. The determination whether an appeal is frivolous is left to the sound discretion of the appellate court, *id.* at 455; therefore, the only issue on appeal to this court is whether the Appeals Court abused its discretion. The plaintiff argues the frivolousness issue before us but makes no claim that the Appeals Court abused its discretion. Therefore, even if it had properly claimed an appeal, the only viable issue was waived. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). See *Maillet* v. *ATF-Davidson Co.*, 407 Mass. 185, 194 (1990).

[12]We note that § 6F requires a hearing and that after the hearing, certain factual disputes, such as whether the defendants mailed their claim on December 10, 1996, must be resolved. Certainly an appeal founded on a misrepresentation of such a crucial fact would be insubstantial, frivolous, and in bad faith under G. L. c. 231, § 6F. See *Datacomm Interface, Inc.* v. *Computerworld, Inc.*, 396 Mass. 760, 782 (1986).

from the denial of its claim for attorney's fees under the contract. This was a procedural misstep because G. L. c. 231, § 6G, which authorizes an appeal to this court from the denial by the Appeals Court of a motion for counsel fees and other costs, is specifically limited to appeals arising under § 6F. See note 11, *supra*. In order for the contract claim to be properly before this court, it would have been necessary for the plaintiff to have filed and have granted an application for further appellate review. See Mass. R. A. P. 27.1 (a), as amended, 367 Mass. 920 (1975). Because this procedural nuance has never before been decided and because the motion must be reheard in the Appeals Court, it would be a proper exercise of that court's discretion to hear the plaintiff's claim for attorney's fees and other costs of appeal arising under the contract because that claim has never been adjudicated on the merits.[13]

This case is remanded to the Appeals Court or to a single justice thereof for a determination, after a hearing, whether the plaintiff is entitled to attorney's fees and other costs of its appeal pursuant to G. L. c. 231, § 6F, and for other proceedings consistent with this opinion.

*So ordered.*

---

[13]Ordinarily an appellate court or appellate Justice "is in a far better position to evaluate the worth of the appellate work than the trial judge." *Yorke Mgt.* v. *Castro*, 406 Mass. 17, 20 (1989).