The plaintiff is Kelley R. Hagen in her role as personal representative of the estate of her late husband, Dennis J. Manesis. Manesis was a lawyer who operated a solo law practice that specialized in collections work (primarily on behalf of certain liquor wholesalers). Before Manesis died, he had employed the defendant, Stephen C. Garabedian (also a lawyer), to assist him in some of his cases. After Manesis died, Garabedian contacted Manesis's clients to notify them of his death and to inform them of their options going forward, including that of employing Garabedian as their counsel. Hagen brought a three-count complaint against Garabedian, the gist of which is that through his actions, including allegedly misrepresenting his relationship to Manesis, Garabedian improperly appropriated Manesis's law practice without paying for it.
Garabedian filed a motion to dismiss or for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(b)(6) & (c), 365 Mass. 754 (1974). In the alternative, Garabedian requested that his motion be considered a special motion to dismiss filed pursuant to G. L. c. 231, § 59H, the anti-SLAPP statute. After a Superior Court judge denied that motion without reaching Garabedian's anti-SLAPP arguments, Garabedian filed a renewed special motion to dismiss that, in the alternative, requested that summary judgment be entered in his favor pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974). A second judge denied that motion, explaining his ruling as follows:
"[Garabedian] has failed to demonstrate that the claims against him are based solely on protected petitioning activities and that the claims have no substantial basis other than the petitioning activities. [Garabedian's] alternative request for summary judgment is, at the very least, premature as the parties have yet to engage in meaningful discovery."
On Garabedian's interlocutory appeal, we affirm.
As an initial matter, we note that the appeal before us is a narrow one. Much of Garabedian's appellate brief addresses whether Hagen's claims fail as a matter of law; that is, the brief in effect argues that the motion judges erred in denying him relief pursuant to rules 12(b)(6), 12(c), and 56. However, the only arguments properly before us on this interlocutory appeal go to whether the judge erred in denying Garabedian's special motion to dismiss. See Fabre v. Walton, 436 Mass. 517, 521-522 (2002) (recognizing that party whose special motion to dismiss has been denied may seek interlocutory appeal under present execution doctrine).
"The Legislature enacted the anti-SLAPP statute to counteract 'SLAPP' suits, defined broadly as 'lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' " Blanchard v. Steward Carney Hosp. Inc., 477 Mass. 141, 147 (2017), quoting from Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 161 (1998). A defendant can press a claim that he is a target of a SLAPP suit by filing a special motion to dismiss. "As part of its threshold burden, [the party propounding the special motion to dismiss] must show that the conduct complained of constitutes the exercise of its right to petition." Id. at 148. "To prevail on such a motion, the special movant, such as [Garabedian] here, 'must make a threshold showing through pleadings and affidavits that the claims against it are "based on" the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.' " Id. at 147, quoting from Fustolo v. Hollander, 455 Mass. 861, 865 (2010). As the second motion judge correctly determined, Garabedian is unable to satisfy that threshold burden.
Hagen's claims focus on Garabedian's interactions with Manesis's clients, not on Garabedian's exercising his right to petition "a legislative, executive, or judicial body." G. L. c. 231, § 59H (defining a party's right to petition). Nevertheless, Garabedian is able to point to two actions related to this controversy that might properly be characterized as petitioning activity. One is his pursuing a claim against the estate for reimbursement of $19,791.54 that he alleges is owed to him for either unpaid work he performed for Manesis or for litigation expenses he advanced in some of Manesis's cases. According to Garabedian, it was his pursuing that claim that prompted Hagen to bring her own claim,[3] and for purposes of our analysis, we will assume that such a causal link exists. However, just because one action is prompted by another action does not mean that it is "based on" that action (much less, based on that claim alone). Whatever the merits of Hagen's claims against Garabedian, these claims simply do not target Garabedian's pursuit of his separate collection action against the estate.
Garabedian also asserts that he was engaged in petitioning activity when he defended himself against a Board of Bar Overseers (BBO) complaint filed by Hagen's former counsel. That complaint alleged that Garabedian committed various improprieties while communicating with Manesis's clients. Again, however, even if we assume that Garabedian's defending himself before the BBO amounted to petitioning activity, it hardly follows that Hagen's current claims are based on such activity. Nothing in Hagen's complaint appears to be based on any statements made, or actions taken, by Garabedian during the BBO inquiry. In other words, although Hagen's complaint may involve many of the same underlying facts that the BBO examined, it cannot accurately be characterized as being based on Garabedian's defending himself before the BBO.
In sum, Garabedian is unable to make a plausible case that the actions Hagen brought are SLAPP suits that should be dismissed pursuant to a special motion to dismiss.[4] Far from abusing his discretion, the second motion judge plainly was correct to deny Garabedian the relief he sought pursuant to G. L. c. 231, § 59H.
Hagen requests that she be awarded reasonable appellate attorney's fees and costs pursuant to G. L. c. 231, § 6F. This presents a close question. Focusing on the narrow appeal before us, we agree with Hagen that Garabedian's arguments are exceptionally weak. Moreover, although we are not unsympathetic to Garabedian's desire to seek early dismissal of claims that he appears passionately to believe are groundless,[5] this appeal was an ill-considered means of doing so. At the same time, Garabedian's missteps appear to be based, at least in great part, on his lack of understanding of the anti-SLAPP statute. Exercising our discretion, we conclude that Garabedian's appeal was not "wholly insubstantial, frivolous and not advanced in good faith." G. L. c. 231, § 6F. See generally Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 329-330 (1997). We therefore deny Hagen's request for § 6F sanctions.
Order denying special motion to dismiss affirmed.

Garabedian initially filed his collection action against the estate in the District Court, and Hagen then filed counterclaims in that action alleging that Garabedian had misappropriated Manesis's legal practice. After the District Court action was dismissed without prejudice, Hagen filed her claims against Garabedian as an original action in the Superior Court (with Garabedian then filing his collection action and other claims as counterclaims).

In pressing his argument that Hagen's claims are frivolous, Garabedian spends a considerable portion of his brief focused on the meaning of the language in G. L. c. 231, § 59H, that refers to "devoid of any reasonable factual support or any arguable basis in law." He appears to miss the point that this statutory language has nothing to do with the underlying merits of the claims that a special movant is seeking to have dismissed. Instead, the quoted language sets the standard to be used-during the second stage of the relevant analysis-in evaluating whether any protected petitioning activity engaged in by the special movant is a sham. See Blanchard, 477 Mass. at 148, 159.

Although the merits of Hagen's underlying claims are not before us for resolution, we note the difficulties that Hagen had at oral argument articulating a sound legal basis for such claims.