The defendants, John and Ellen Welch, appeal from the denial of their special motion to dismiss filed pursuant to the "anti-SLAPP" statute, G. L. c. 231, § 59H.[4] We affirm.
Background. Before the commencement of the action, the plaintiffs, Virginia Rice Roscioli and Barbara Rice, complained to the town of Sturbridge that various people had trespassed on what they contend is their exclusive right of way. The town requested that the public submit statements or affidavits regarding their use of the way. Many of the neighbors claimed that they used the way for an extended period of time dating back to, in one instance, 1940. The Welches claimed to have used the way since 1983. The town received over 180 affidavits from people detailing their use of the way in question. As a result of the affidavits, the town determined that it would no longer enforce the trespassing laws regarding the way.
The plaintiffs then filed a Land Court action naming as defendants all the individuals who filed affidavits with the town. In that action the plaintiffs sought a declaration of the rights of the parties under G. L. c. 231A; to quiet title under G. L. c. 240, § 6 ; to compel the defendants to try title under G. L. c. 240, § 1 et seq. ; and to abate a trespass to realty involving title under G. L. c. 185, § 1(o ). The Welches responded by filing counterclaims and cross claims pursuant to G. L. c. 231A, § 1 et seq. ; G. L. c. 240, § 6 ; and G. L. c. 240, § 1 et seq. The Welches' pleading stated that, "An actual controversy exists between and among the parties concerning whether the right-of-way is a public way, a private way with public access, and/or whether a class of people, including Welch, has express easement rights and/or has acquired an easement by prescription for use of said right-of-way."
Thereafter, the Welches filed a special motion to dismiss, arguing that the claims against them were based solely on their petitioning activity-that is, filing affidavits with the town. A Land Court judge denied the special motion to dismiss, concluding that:
"While the defendants' submissions to the Town allowed the plaintiffs to identify the persons who claim rights in their properties, the case is not about those submissions but, instead, about the existence and scope of the rights so claimed. As such, it is a proper 'cloud on title' case, properly brought before this court, G. L. c. 240, § 6, and is not precluded by the Anti-SLAPP statute. See Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002) ('To invoke the statute's protection, the special movant need show, as a threshold matter, through pleadings and affidavits, that the claims against it are, in fact, "based on" its petitioning activities alone and have no substantial basis other than or in addition to its petitioning activities')."
Discussion. "The Legislature enacted the anti-SLAPP statute to counteract 'SLAPP' suits, defined broadly as 'lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' " Blanchard v. Steward Carney Hosp., Inc., 477 Mass. 141, 147 (2017),[5] quoting from Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 161 (1998). A party may file a special motion to dismiss under the anti-SLAPP statute if "the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth." G. L. c. 231, § 59H, inserted by St. 1994, c. 283, § 1. See 477 Harrison Ave., LLC v. JACE Boston, LLC, 477 Mass. 162, 167 (2017), quoting from Duracraft, supra.
To meet their initial burden the Welches must first show that the plaintiffs' claims "are solely based on [the Welches'] own petitioning activities." Blanchard, supra at 159. Even when the movant establishes that the plaintiffs' claims are based on the movant's petitioning activities, the plaintiffs may defeat the motion by "demonstrating that each such claim was not primarily brought to chill the special movant's legitimate petitioning activities." Id. at 160.[6] This is to be considered by "assess[ing] the totality of the circumstances pertinent to the nonmoving party's asserted primary purpose in bringing its claim" by examining, inter alia, "[t]he course and manner of proceedings, the pleadings filed, and affidavits 'stating the facts upon which the liability or defense is based.' " Ibid., quoting from G. L. c. 231, § 59H.
The Welches contend that the suit is based exclusively on petitioning activity because the only people who were sued were individuals that filed affidavits with the town. However, the underlying case, on its face, involves the adjudication of rights to a way; the dispute began not with petitioning activity by the defendants, but when the plaintiffs complained about trespassers. The Welches identify no person claiming rights in the way that was not sued, nor do they suggest any other manner in which the plaintiffs could discern who claims a right to the way.[7] It is evident from the pleadings and the facts alleged by the Welches that the plaintiffs have little interest in the Welches' communications with the town but rather wish to settle the question of their title in the way.[8] Accordingly, whether we view this as a failure to demonstrate that the suit was brought "solely" based on the Welch's petitioning activities, or a failure to show that the claims were not primarily brought to chill the Welches' legitimate petitioning activities, the judge correctly denied relief pursuant to G. L. c. 231, § 59H.
The plaintiffs request attorney's fees and costs. At the time this case was brought, the Blanchard case had not been decided. In the exercise of our discretion, we conclude that the Welches' appeal was not "wholly insubstantial, frivolous and not advanced in good faith." G. L. c. 231, § 6F, inserted by St. 1976, c. 233, § 1. See generally Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 329-330 (1997). We therefore deny the plaintiffs' request for § 6F sanctions.
Order denying special motion to dismiss affirmed.

"An interlocutory appeal from the denial of an anti-SLAPP special motion is available under the doctrine of present execution." Reichenbach v. Haydock, 92 Mass. App. Ct. 567, 568 n.4 (2017).

The motion was decided before Blanchard, supra, but the rationale of the judge's order is sufficiently clear to permit appellate review under the Blanchard standard. We may affirm on any ground supported by the record. See Brangan v. Commonwealth, 477 Mass. 691, 698 n.12 (2017).

The standard in Blanchard is applicable on direct appeal to motions decided before it was decided. Reichenbach v. Haydock, 92 Mass. App. Ct. 567, 568 & n.5 (2017).

The plaintiffs used the affidavits to identify the individuals who claim rights in the way.

Because we decide this case on this basis, we need not consider the Welches' other arguments regarding the judge's analysis of the first stage of Blanchard. See Reichenbach v. Haydock, 92 Mass. App. Ct. at 576.