NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1245

EILEEN S. HOFFNER

vs.

STEVEN S. SIEGEL & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Eileen S. Hoffner, appeals from a Superior Court judge's denials of her motion to assess legal fees against her former spouse, Steven S. Siegel (defendant), and of her motion for reconsideration.  She claims that she was entitled to such fees pursuant to G. L. c. 231, § 6F, and pursuant to the separation agreement executed in connection with the parties' divorce.  We affirm.

Background.  The parties were married in 1999 in the State of New York.  In 2021, they executed a separation agreement[2] and

_____

[1] 75 Bunkerhill Street, LLC, reach and apply defendant.

[2] The plaintiff refers to the separation agreement as a "Stipulation of Settlement," while the defendant refers to it as the "Divorce Agreement."  To avoid confusion, we use the same nomenclature as the Superior Court judge:  "separation agreement."

were divorced.  Article XVIII of the separation agreement provides for the payment of counsel fees in certain circumstances.  Specifically, paragraph 18.1 states, in relevant part:

> "The parties acknowledge that the [defendant] has paid a total of $41,000.00 towards the [plaintiff's] counsel fees during the pendency of these proceedings.  The parties agree that the [plaintiff] may submit a request for counsel fees by Notice of Motion to the [New York judge]."

In addition, paragraph 18.2 states:

> "In the event either party defaults in the performance of any of the provisions of this Agreement and said default is not remedied within fifteen (15) days . . . and legal proceedings shall be instituted to enforce the performance of such provisions by the defaulting party, then the unsuccessful party shall pay to the successful party, the necessary and reasonable attorneys' fees, in connection with such proceedings."

Acting pursuant to paragraph 18.1, the plaintiff subsequently filed a motion for counsel fees in the Supreme Court for the State of New York for fees and expenses incurred in the New York divorce proceedings, and a New York judge entered an order directing the defendant to pay the plaintiff $84,771.42 in legal and expert fees.  The defendant failed to make timely payment, which resulted in a judgment entering in favor of the plaintiff and against the defendant (New York judgment).

In May of 2022, the plaintiff commenced the present action in the Massachusetts Superior Court, seeking, inter alia, to

2

attach real property owned by the defendant in Massachusetts to satisfy the New York judgment.  On May 19, 2022, a Superior Court judge allowed the motion for attachment "in the amount of $84,771.42 only, by agreement and without prejudice."  The defendant failed to pay, and on September 13, 2022, a different Superior Court judge allowed the plaintiff's motion for default judgment in the amount of $84,771.42.[3]  On October 24, 2022, the defendant sold the Massachusetts property that was subject to the attachment and used the proceeds to pay the plaintiff's legal fees from the New York divorce proceedings plus interest.

In early 2023, the plaintiff filed another motion in the Superior Court to assess legal fees, seeking an additional $33,311.64 in fees in connection with the present action in Massachusetts.  Following a hearing, a third Superior Court judge issued a written decision denying the motion to assess legal fees.  The plaintiff filed a motion for reconsideration, which the third judge denied on July 10, 2023.  The plaintiff appealed from the denial of the motion to assess legal fees and from the denial of the motion for reconsideration.

---

[3] The endorsement and docket entry regarding the allowance of the motion for default judgment noted that the defendant consented to the default judgment and did not dispute the amount owed.

3

Discussion. The plaintiff argues that she was entitled to attorney's fees (1) pursuant to G. L. c. 231, § 6F because the defendant acted in bad faith, used litigation solely as a roadblock, and refused to satisfy an undisputed debt, and (2) pursuant to paragraph 18.2 of the separation agreement, which, in the plaintiff's view, mandates payment of legal fees to a prevailing party. We disagree.

General Laws c. 231, § 6F, authorizes an award of reasonable attorney's fees and costs incurred in litigation when "all or substantially all" of the opposing party's claims are "wholly insubstantial, frivolous and not advanced in good faith." "A claim is frivolous if there is an 'absence of legal or factual basis for the claim,' . . . and if the claim is 'without even a colorable basis in law'" (citations omitted). Fronk v. Fowler, 456 Mass. 317, 329 (2010). If the judge finds, in his or her discretion, that the claims meet that standard, "the statute mandates the award of reasonable counsel fees and other costs and expenses." Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 330 (1997). In the present case, we first note that the plaintiff did not seek attorney's fees on this basis in the Superior Court. Indeed, there is no reference whatsoever to G. L. c. 231, § 6F, in either her motion to assess legal fees or supporting memorandum. Instead, she sought legal fees pursuant to Mass. R. Civ. P. 69, 365 Mass. 836 (1974), and

4

G. L. c. 223, § 86A.  Where the plaintiff makes this argument

for the first time on appeal, it is waived.  See Carey v. New

England Organ Bank, 446 Mass. 270, 285 (2006) ("issue not raised

or argued below may not be argued for the first time on appeal"

[citation omitted]).[4]

The plaintiff's claim under paragraph 18.2 of the

separation agreement is likewise unavailing.  First, the

plaintiff did not provide a complete version of the separation

agreement in the Superior Court proceedings, and did not provide

a complete copy in the record appendix on appeal.  Instead, she

included only Article XVIII of the separation agreement.

Without the relevant portions of that document before us, we

cannot discern what law controls the interpretation of the

agreement, or what other provisions might impact our analysis.

See, e.g., Sea Breeze Estates, LLC v. Jarema, 94 Mass. App. Ct.

210, 218 (2018), quoting USM Corp. v. Arthur D. Little Sys.,

Inc., 28 Mass. App. Ct. 108, 116 (1989) ("As with the analysis

of any contract provision, '[t]he object of the court is to

construe the contract as a whole, in a reasonable and practical

way, consistent with its language, background, and purpose'").

_____

[4] Accordingly, we need not consider whether the panel has
jurisdiction to review the denial of attorney's fees under G. L.
c. 231, § 6F.  See Troy Indus., Inc. v. Samson Mfg. Corp., 76
Mass. App. Ct. 575, 584 (2010) (only single justice has
jurisdiction to review § 6F decision).

Furthermore, paragraph 18.2 of the separation agreement entitles a party to legal fees "[i]n the event" that the other party "defaults in the performance of any of the provisions of this Agreement."  As the third judge concluded, the plaintiff points to no provision of the separation agreement that the defendant violated.[5]  Therefore, the judge's denial of the motion to assess legal fees is affirmed.[6,7]

<u>Order denying motion to assess legal fees and for order to turn over funds in escrow affirmed</u>.

<u>Order denying motion for reconsideration affirmed</u>.

By the Court (Neyman, Ditkoff & Wood, JJ.[8]),

*Paul Little*

Clerk

Entered:  May 6, 2025.

---

[5] There is no merit to the plaintiff's claim that the defendant violated paragraph 18.1 of the agreement.  That provision authorizes the plaintiff to submit a request for counsel fees but does not mandate the payment of such fees.

[6] For the reasons articulated <u>supra</u>, we discern no abuse of discretion in the third judge's denial of the motion for reconsideration.

[7] The plaintiff's request for attorney's fees is denied.

[8] The panelists are listed in order of seniority.

6